## McDANIEL *et al.* v. MARYGOLD *et al.*

A verdict or judgment which settles and determines that a party to a suit has not an interest in the property in controversy, is ordinarily sufficient, so far as the rights of that party is concerned, without proceeding to determine who, in fact, has such right.

The chancellor may decide questions of fact himself, and refuse an issue to a jury, or he may, in the exercise of a sound discretion, direct such an issue; and in either event, the appellate court will not disturb such order, unless it appears that such discretion has been abused, and exercised in a manner unwarranted by all the circumstances.

Where the parties have, without objection, submitted issues of fact to a jury, and appear to have had a full investigation, and introduced their whole testimony on such issues, which, by the submission, they virtually concede raise the real questions in the case, every doubt in the mind of the chancellor, on such issues of fact, should be solved in favor of the finding of the jury.

Unless the finding of the jury is unconscionable, it should be allowed to stand. By the same rule, will this court be governed, in the exercise of its appellate power, in determining like cases.

### *Appeal from the Dubuque District Court.*

IN chancery. Complainants claim a working interest in mineral lots 41 and 49; aver in their bill, that respondents unjustly deprive them of their rights in said property; and ask that their respective interests may be settled, and defendants be required to render an account of the mineral raised by them. All the material allegations of the bill, are denied in the answers; and the case was heard on the plead-

ings, exhibits, and testimony. It appears that the parties (complainants and respondents) hold, or claim, the premises as lessees of other persons, who have the fee simple title; and the principal issue between them is, as to which has the paramount, or better, leasehold title. The case was referred to a special commissioner, to settle the issues of fact arising upon the pleadings, who reported the following:

1. Whether, at the time of the commencement of this suit, the plaintiffs, or either of them, had any right to mine and work on the mineral lot known as No. 41, in the county of Dubuque? If so, what interest had they, or either of them, therein?

2. Whether, at the time aforesaid, the said plaintiffs, or either of them, had any right to work and mine on the south half of mineral lot No. 49, in the county of Dubuque? If so, what interest had they, or either of them, therein?

3. Whether the said defendants (other than the said Waters, one of the defendants), at the time aforesaid, or either of them, had any right with the said Waters, to mine and work, by removing a rock drift, on said mineral lot No. 49?

4. Whether the said defendants, other than the said Waters, at the time and place aforesaid, or either of them, had the right to mine and work with said Waters, on the south half of mineral lot No. 49, aforesaid? If so, what interest had they, or either of them, therein?

To understand these issues, and the answers thereto, as hereinafter set forth, it is proper to state, that the complainants admit in their bill, that Daniel Waters, one of the defendants, had an interest in the south half of lot 49, but deny any interest therein in the other defendants.

The case being ready for a hearing, it was submitted to a jury, to return a special verdict, by responding to the issues so made up and settled. The verdict of the jury is as follows:

We, the jury in the above cause, find on the first question, for the plaintiffs, and that they are entitled to one-half of the working interest in mineral lot 41.

McDaniel et al. v. Marygold et al.

To the second question, we, the jury, find that plaintiffs had no right to mine in the south half of mineral lot No. 49, and that neither of them had any interest in said lot.

To the third question, we find for the defendants, as set forth in said question.

To the fourth question, we, the jury, find for the defendants, and say that they are entitled to one-half of the working interest in the south half of mineral lot No. 49.

The plaintiffs thereupon filed their motion to set aside this verdict, and for a decree in their favor, according to the prayer of their bill, notwithstanding such finding, because the verdict was inconsistent, contradictory, and unintelligible—not responsive to the issues—and was against the law and the evidence. This motion was overruled, and a decree entered in accordance with the verdict, and from this, plaintiffs appeal.

*Smith, McKinlay & Poor*, for the appellants.

*Hempstead, Burt & Nightengale*, for the appellees.

WRIGHT, C. J.—To reverse this decree, complainants rely in their argument upon two grounds : 1. That the special verdict does not find and settle the rights of the parties to the south half of lot 49, and is thereupon, not responsive to the issue or issues made; and, 2. That such verdict is against, and contrary to, the evidence. The argument on the first point, is this : that notwithstanding the jury find, that defendants are entitled to one-half of the working interest in the south half of lot 49, yet there is no finding as to who is entitled to the other half, and that, therefore, there is no verdict as to that portion of the interest. By reference to the answer to the second interrogatory, however, it will be observed, that the jury expressly find, that complainants had no right to mine in the said south half of lot 49; nor had either of them any interest in said lot.

Taking the answers given, then, to the second and fourth interrogatories, in connection, it is very evident that the complainants had no interest in the south half of said lot,

and that the defendants were entitled to one-half of the work-ing interest therein. That the jury did not find who had the remaining interest, is of no kind of importance to the complainants, when it was once settled by the verdict, that they, at least, were not entitled to such interest. When a verdict or judgment settles and determines, that a party to a suit has not an interest in the property in controversy, this is ordinarily sufficient, so far as his rights are concerned, without proceeding to determine who, in fact, has such right.

It is urged by the complainants, that this being a chancery cause, the verdict of the jury is only to advise the conscience of the chancellor; is not like a verdict in a case at law; and that this court, as also the court below, might find for the complainants, notwithstanding the verdict. Ordinarily, under the old chancery practice, such issues were only directed when a question of fact was so involved in doubt, by con-flicting or insufficient evidence, that the chancellor deemed it proper to be advised by a jury, as to the truth of such doubtful questions; and such issues were not directed, where the truth of such fact could be sufficiently and satisfactorily ascertained by the chancellor himself. *Reed* v. *Cline*, 9 Gratt. 136; *Baker* v. *Williamson*, 2 Penn. 116; Adams Eq. 376, note 1. And according to the same authorities, such a ver-dict was only to satisfy the chancellor's conscience, and if not satisfied with it, he could disregard the same. If, how-ever, his mind concurred with such finding, or he still enter-tained doubts, " or if his mind still oscillates," (Adams Eq. note 1, 814,) the verdict was allowed to be decisive. In many of our state courts, the exercise of the discretion by the chancellor, in granting the trial of such issues by a jury, is in practice merely nominal; that is to say, that the trial of such issues has become so frequent, under what has been es-teemed a proper regard for the right of trial by jury, that the exercise of such discretion stands much upon the same basis, as do all other matters referred by the law to such discre-tion. We entertain no doubt, but that he may decide the question or questions himself, and refuse an issue to a jury. We are equally satisfied, that in the exercise of a sound dis-

cretion, he may direct such an issue; and in either event, we would not disturb such order, unless such discretion should appear to have been abused, and exercised in a manner unwarranted by all the circumstances. And after such finding, we would not say that the verdict is decisive or binding, to the same extent as when rendered in a suit at law. But where the parties have, without objection, submitted such issues to a jury, and appear to have had a full investigation, and introduced their whole testimony upon issues, which, by the submission, they virtually concede raise the real questions in the case, every doubt in the mind of the chancellor on such issues of facts, should be solved in favor of such finding. Unless such finding is unconscionable, it should be allowed to stand. And by the same rule, should this court be governed, in the exercise of its appellate power in determining such cases. We are far from being able to see, that the verdict was so unconscionable; and conclude that a new trial was properly refused, and that the decree must be affirmed. See Story's Eq. Jur. §§ 478, 479; 3 Greenleaf's Ev. §§ 261, 339.

Judgment affirmed.