## SHERWOOD v. SHERWOOD.

1. **Practice**: DIVORCE: TRIAL ON APPEAL. The action of divorce is an equitable action, and is not triable on appeal to the Supreme Court upon errors alone, but must be tried *de novo*, regardless of the provisions of section 2742 of the Code.

2. ——: APPEAL: JURISDICTION. The Supreme Court has appellate jurisdiction in chancery cases only and is a court for the correction of errors in actions at law.

3. ——: ——: ASSIGNMENT. The fact that errors were assigned in a chancery cause does not constitute error justifying a reversal.

4. ——: ——: MANNER OF. It is not ground for dismissal that an action triable *de novo* is appealed upon errors alone.

5. ——: ——: MISTAKE. A misapprehension respecting the manner of trial on appeal, by which the case is not fully presented, constitutes no ground of relief to the party in error.

*Appeal from Marshall Circuit Court.*

THURSDAY, OCTOBER 5.

IN July, 1874, the plaintiff brought this action for a divorce, on the ground of the alleged adultery of the defendant. She also claimed alimony and the custody of their only child, a boy of the age of seven years. The defendant, by answer, denied the fact of adultery, and also controverted the allegations of the amount and value of his property, alleged by the plaintiff as the basis of her claim for alimony. The plaintiff demanded a trial by jury, which the court refused, and thereupon the cause was tried to the court, and resulted in a judgment for the defendant, from which the plaintiff appeals.

*Brown, Stone & Sears* and *Boardman & Williams*, for appellant.

*Henderson & Merrimon* and *Caswell & Meeker*, for appellee.

COLE, J.—The first point made by the plaintiff's counsel is
1. PRACTICE: that the court erred in refusing to her a trial by
divorce: trial
on appeal. jury. Upon this subject the Code enacts as follows:

"Sec. 2740. Issues of fact in an action in an ordinary proceeding must be tried by jury, unless the same is waived. All other issues shall be tried by the court, unless a reference thereof is made.

"Sec. 2741. All issues of fact, whether ordinary or equitable, shall be tried upon oral evidence taken in open court, except that depositions may be used as now provided in an action by ordinary proceedings; and upon appeal, no evidence shall go to the Supreme Court, except such as may be necessary to explain any exception taken; and such court shall try only legal errors duly presented.

"Sec. 2742. But in equitable actions, other than actions to foreclose mortgages or instruments in writing whereby liens or charges on property are created, not including trusts, to enforce mechanic's liens, or for divorce or nullity of marriages, if any party shall at any time during appearance term, move the court for a trial upon the written evidence, the court shall either order all the evidence to be taken in the form of depositions, or shall cause all the evidence offered on the trial to be taken down in writing, to be certified by the judge and made a part of the record according to the requirements of the motion. In either of such cases, all the evidence so taken shall go on appeal to the Supreme Court which shall try the cause anew."

By Sec. 4, Art. V, Const. of Iowa, it is declared that "the Supreme Court shall have appellate jurisdiction in cases of chancery, and shall constitute a court for the correction of errors at law. * * * * ."

The evident meaning of Sec. 2742 is to except an action for divorce from those equitable actions wherein all the evidence shall go on appeal to the Supreme Court for the trial of the case anew there. The difference between a court having appellate jurisdiction proper, and a court for the correction of errors at law is, substantially, that the former tries cases *de novo*, and renders such judgment as should be rendered upon the facts and the law, while the latter simply inquires into the alleged errors of law only. Under our Constitution the Supreme Court has appellate jurisdiction only in chancery

cases. It may not try such cases as upon errors at law. By Art. I, Sec. 9, also, it is declared that "the right of trial by jury shall remain inviolate." The right of trial by jury, therefore, exists in actions at law, and the right of trial on appeal exists in all chancery cases. A party may not, therefore, be denied a trial by jury, because the action is in chancery, and then be denied the right of trial as upon appeal because the action is one at law. Every party has, under our Constitution, a right either to a jury trial in a court below or a trial as upon appeal in the Supreme Court. An action of divorce was originally cognizable in the Ecclesiastical Courts, and afterwards became a cause of equitable cognizance in the English Chancery Courts.

By Sec. 2742, *supra*, it is recognized as an equitable action, and Sec. 2511 declares that it shall be prosecuted as such. It being an equitable action, a right of trial by jury does not exist, and there was no error in refusing it. It would have been competent for the court to have had the issue respecting the alleged adultery tried by a jury in order to advise the conscience of the court, and this in analogy to the English Chancery Practice. A refusal to do so, however, constitutes no ground for interfering with the judgment. But since the action of divorce is an equitable action, it comes to this court by appeal proper and is triable here anew, under the Constitution, regardless of the general provisions of Sec. 2742, *supra*.

We have, severally, carefully read, and some of us have re-read all the evidence in the case, and we are entirely united in the opinion that the fair preponderance of the evidence establishes the claim made by the plaintiff in her petition. It would not be conducive either to good morals or to the law of the case for us to re-state or review in this opinion the evidence or the substance of it. The judgment of the court below, therefore, must be reversed, and to the plaintiff will be given a divorce and the custody of the child.

It has been made to appear to us by motion in this action, supported by affidavits, that some changes by execution sale and otherwise have been made in the property of the defend-

ant since the action was tried below, rendering it proper that the cause should be remanded to the Circuit Court for hearing and decision upon the amount and character of the alimony.

The cause will, therefore, be remanded, with instructions to render a decree granting to the plaintiff a divorce and awarding to her the custody of the child, and the allowance of such alimony in property or money as the court shall be advised.

REVERSED.

ON REHEARING.

BECK, J.—A rehearing in this cause was granted and it has again been submitted upon arguments in addition to those first filed. After proper consideration of all that has been said by counsel, and such examination of the questions as, in our judgment, they demand, we are united in the opinion that the conclusions reached by us upon the first argument, as above announced, are correct. As supplemental to that opinion we will proceed to state briefly certain propositions based upon the statutes which, we think, cannot be disputed.

I. This court has appellate jurisdiction only in cases in chancery, and is a court for the correction of errors in actions at law. Const. Art., V, § 4. Its jurisdiction being thus prescribed, it cannot exercise powers in one class of cases which are limited to the other. The distinction between the powers to be exercised in the different cases is pointed out in the foregoing opinion and will be readily understood by the profession.

2. ———: appeal: jurisdiction.

II. Under the Code an action for a divorce and other relief that may be granted therein is a chancery action. Code, § § 2511, 2742.

III. Chancery causes tried as-law actions upon oral evidence are reviewed upon errors in this court. But the manner of trial in the court below is left to the option of the parties, or rather either party may have the trial upon written evidence. Code, § 2742. But divorce cases, which as we have seen are chancery actions, are excepted from this provision and cannot be so tried upon written evidence that they may

be reviewed upon appeal in this court as other chancery causes. § 2742. We thus have the case of a chancery action which cannot be tried in this court in the manner contemplated by the constitution. The statute, then, is in conflict with the constitution in so far as it forbids a trial in the manner provided for by that instrument.

The statute is not objectionable on the ground that it requires a chancery cause to be tried on written evidence in order to give the right of appeal. In this it is a regulation affecting the manner of appeal, the proceedings necessary to be taken prior to an appeal; it does not cut off the right of appeal. But so far as it is applicable to certain cases and provides that the right of appeal is taken away, it is in conflict with the constitution.

The statute is not objectionable on the ground that it provides for the trial of chancery cases in the inferior courts upon oral evidence and in this court upon errors. It is not a provision that can be enforced without the consent of both parties, for either, in the manner pointed out, may secure to himself the right of a trial *de novo* in this court. The trial upon oral evidence in the court below and upon error here, may be regarded as with the consent of the parties. We have held that the trial of a chancery case without objection or with consent in the court below as a law action will entitle the parties to a trial in this court upon errors. *Corbin v. Woodbine*, 33 Iowa, 297.

But the statute, in so far as it deprives parties to chancery actions of the right to trials in this court *de novo*, a right secured by the constitution, cannot be enforced. The exception found in § 2742, which forbids parties to divorce and other chancery actions, claiming a trial upon written evidence, must, therefore, be regarded as of no effect.

IV. Counsel cite decisions of this court based upon the provisions of the Rev. of 1860, directing the manner of trial of equitable actions in this court, which were tried in the courts below according to the second method. Rev., § 2999. Such trials and the manner thereof differed in no respect from trials at law. Cases so tried were reviewed here upon errors.

These provisions were enforced by this court. Inasmuch as they were trials at law, this court properly held that errors occurring therein could be corrected upon appeal in the same manner that errors in proceedings at law are corrected. As the case in its trial assumed the character of a law action, it was proper to so regard it in this court. The decisions under the Revision upon the subject of the manner of trial of equity causes are not applicable to the question now under consideration.

V. It is now insisted that, as plaintiff assigned errors in this court, the cause must be tried thereon; but the erroneous act of the party cannot control the jurisdiction of the court. The question for us to decide is, how is the cause triable here? not, what course do parties pursue to bring it to trial. As a matter of fact it has been, and still is the habit of many attorneys who have extensive practice in this court to assign errors in equity cases, which no one claims are triable upon errors.

*3. ——: ——: assignment.*

VI. It is also urged that if the cause is triable *de novo* in this court, it ought to be dismissed for it is brought here improperly upon errors. Three cases found in 1 Greene are cited to support this proposition. It is a sufficient answer to this position to remark that the statutes under which those decisions were made in no respect resemble those in force to-day. Then law actions were removed to the Supreme Court by writ of error, chancery cases by appeal. Rev. St., 1843, pp. 115, §§ 67, 68; pp. 145–6, §§ 6, 7. Now writs of error are dispensed with and one course is pursued in bringing up all cases.

*4. ——: ——: manner of.*

VII. It is lastly urged that the case was brought here under the belief that it would not be tried *de novo* and the abstract, for that reason, does not fairly present the case. The law was the same when the abstract was prepared as it is now. We do not make the law; we only declare it. The parties in all cases are presumed to have known the provisions of the law applicable to their rights. If mistaken in their views of the law they can have no relief on that ground

*5. ——: ——: mistake.*

VIII.   It is argued that the evidence does not support our conclusions, especially as to the party entitled to the custody of the child.   We are still of the opinion that plaintiff ought to be divorced and have the custody of the child.   But defendant says that no evidence was taken upon that question.   This was defendant's fault.   He cannot claim a reversal of the cause on the ground that he did not introduce evidence upon questions in issue under the bill and answer which involved the rights of the parties.   He had the opportunity at the time to do so and did not improve it; we cannot extend to him another.   Under the evidence before us we are still of the opinion that the plaintiff ought to have the custody of the child of the parties.   It will, of course, be kept by her subject to future orders of the court.

In conclusion we may remark that, upon a re-examination of the evidence and pleadings, as well as of the arguments of the attorneys of the parties, we are well satisfied with the conclusions heretofore reached in this case.   The former opinion is adhered to and refiled.