TWOGOOD & ELLIOTT v. REILY ET AL.

1. Practice in the Supreme Court: TRIAL DE NOVO. To entitle the appellant to a trial *de novo* in the Supreme Court, the provisions of section 2742 of the Code must be complied with. If they are not, the case will be reviewed on appeal only upon the errors assigned.

*Appeal from Linn Circuit Court.*

SATURDAY, JUNE 8.

THIS is an action in equity for the foreclosure of an alleged mortgage. The instrument claimed by plaintiff to be a mortgage was in the form of a warranty deed. Defendants claimed it was in fact a warranty deed, and conveyed the title. There was a decree for the defendants. Plaintiffs appeal.

*J. B. Young*, for appellants.

*Hubbard, Clark & Deacon*, for appellees.

ROTHROCK, CH. J.—It appears from the abstract that the cause was tried in the court below by an examination of the witnesses in open court. It does not appear that any motion was made at any time for a trial upon written evidence, nor that any order was made for the testimony to be taken down in writing on the trial, and made part of the record. We have repeatedly held that in order to entitle an appellant to a trial anew in this court the provisions of section 2742 of the Code must be complied with. It seems that the cause was tried as law

*1. PRACTICE in the supreme court: trial de novo.*

actions are, by embodying the evidence in a bill of exceptions. No errors have been assigned, and as the cause is not triable anew, there is nothing in the record which this court can examine. The statute is explicit. We are precluded from trying any errors excepting such as are duly presented by assignment. Code, §§ 2741, 3183, 3207.

All equitable actions, of whatever character, are triable *de novo* upon appeal to this court, provided the parties have complied with section 2742 of the Code. *Sherwood v. Sherwood*, 44 Iowa, 192. If tried in the court below in the same manner as law actions, upon appeal to this court we can only try the errors assigned. After the cause was fully submitted the appellant filed a certificate of the trial judge, made and dated April 26, 1878, to the effect that the abstract contained all the evidence adduced on the trial. Aside from the fact that this certificate was made after the cause was submitted, it cannot avail the appellant. It nowhere appears affirmatively, or by implication, that any motion or order was made as required by Code, § 2742. These points are insisted upon by counsel for appellee, and we are not at liberty to disregard them.

AFFIRMED.