## HOBART v. HOBART.

**1. Divorce: TRIAL: PRACTICE.** An issue of fact in an action for divorce cannot be submitted to a jury for determination, and a subsequent adoption by the court of the finding of the jury will not cure the error of the submission.

*Appeal from Johnson District Court.*

SATURDAY, JUNE 14.

THIS is an action for divorce, commenced on the 9th day of April, 1875. Upon motion of plaintiff the cause was referred. The referee filed a report in favor of plaintiff, which was by the court confirmed, and a decree was en-. tered granting a divorce as prayed. Upon appeal to this court the decree was reversed because of error in ordering a reference of the case. See 45 Iowa, 501. The cause being remanded came on again for trial on the 13th day of June, 1878, and by order of the court a jury was called and impanelled for the trial of said cause. The defendant objected, because the law requires divorce cases to be tried by the judge of the court. The objection was overruled and the defendant excepted. The jury found the issues in the case in favor of plaintiff. The court thereupon granted a decree of divorce as prayed. The defendant appeals.

*Remley & Swisher*, for appellant.

*Boal & Jackson*, for appellee.

DAY, J.—Among numerous objections urged to the decree it is insisted that the court had no authority to submit the

1. DIVORCE: trial: practice. issues of fact arising in the case to a jury. It is conceded that, under the old chancery practice, the chancellor might, to inform his conscience, submit any issue of fact to a jury. The propriety of such a course was.

recognized by this court in *McDaniel v. Marygold*, 2 Iowa, 500, and has been impliedly sanctioned in other cases. Section 2999 of the Revision provided by express declaration for such a proceeding. This section provides two methods of trying equitable issues, and declares: "In a trial by the first method the issues shall be tried by the court, who may, however, to inform his conscience, order the whole issue, or any part thereof, or any specific question of fact involved therein, to be tried by a jury, or may refer the same, and may in either case accept or reject the finding of the jury or referee, and may, with or without a statement of any finding of facts, render such judgment as he considers equitable."

Section 2998 of the Revision provides: "Issues of law must be tried by the court unless referred as provided in section 3089. An issue of fact in an action by ordinary proceedings must be tried by a jury, unless a jury trial shall be waived, as provided in section 3087, or a reference be ordered as provided in section 3090."

Section 2740 of the Code of 1873, which is a substitute for section 2998 of the Revision, is as follows: "Issues of fact, in an action in an ordinary proceeding, must be tried by jury, unless the same is waived. All other issues shall be tried by the court, unless a reference thereof is made."

Sections 2741 and 2742 of the Code, which are substituted for section 2999 of the Revision, do not contain the provision respecting the submission of a question of fact to a jury to inform the conscience of the court. This omission is very significant, and sufficient of itself to raise a strong presumption of an intention to change the practice in such cases. But in addition to this omission section 2740 of the Code affirmatively provides for the manner in which issues of fact shall be tried. This section declares that all issues, other than issues of fact in an action in an ordinary proceeding, shall be tried by the court, unless a reference thereof is made. This provision, it seems to us, places it beyond question that an issue of fact, in an equitable proceeding, cannot be sub-

mitted to a jury. Appellee insists that the exception in section 2740, allowing a reference, authorizes a reference of a question of fact to a jury. But this construction is not admissible. A reference of issues of fact in actions is provided for in sections 2815–2830 of the Code. It is to such a reference that section 2740 refers. It is true that in *Sherwood v. Sherwood*, 44 Iowa, 192, this court said: "It would have been competent for the court to have had the issue respecting the alleged adultery tried by a jury, in order to advise the conscience of the court, and this in analogy to the English chancery practice." But this point was not in that case, inasmuch as a jury trial was demanded and was refused. Besides, the attention of the court was not directed to the change in the law as to the mode of trial. The same is true as to the *Howe Machine Co. v. Woolly*, 50 Iowa, 549. A trial by jury was also denied in that case. What was said is a mere repetition of the *dictum* in the case of *Sherwood v. Sherwood, supra*. Section 2511 of the Code provides that an action for divorce shall be prosecuted by equitable proceedings. Upon the former appeal of this case it was held that the adoption by the court, upon an examination of the evidence, of the findings of the referee, does not remove the prejudice which may have resulted from the reference. The same is true as to the adoption by the court of the findings of the jury. It follows that an issue of fact, in a divorce case, cannot, under our present practice, be submitted to a jury for determination. Because of the error in submitting the cause to a jury the judgment is

REVERSED.