C. R. FRANK, Appellee, v. JAMES HOLLANDS *et al.*, Appellants.

1. **Practice in Chancery:** SUBMISSION OF QUESTIONS TO JURY: APPEAL. The submission of questions of fact in an equity cause to a jury for determination, though contrary to the rules of practice prescribed by the Code for the court of chancery, will not have the effect to transfer the case to the law side of the court, nor to deprive the parties, upon appeal, to a trial *de novo* in the supreme court.

2. ———: RECORD: BILL OF EXCEPTIONS. In actions triable *de novo* in the supreme court it is sufficient, under Code, section 2742, as amended, if the evidence is made a part of the record within the six months allowed for appeal, and this rule cannot be changed by an order of the trial court prescribing a shorter period in which a bill of exceptions may be filed.

3. **Promissory Note**: SIGNATURE IN BLANK: ALTERATION: INNOCENT PURCHASER. One who signs a promissory note in blank cannot be heard to complain, as against a *bona fide* purchaser thereof before maturity, that the amount afterwards inserted therein was not according to the agreement between himself and the payee.

4. **Mechanic's Lien:** IMPROVEMENTS BY HUSBAND ON WIFE'S PROPERTY. Where improvements upon the property of a married woman are contracted for by her husband, with the knowledge and consent of the wife, and the latter permits the erection of such improvements without objection on her part, the premises will be subject to a mechanic's lien therefor as provided by law.

*Appeal from Osceola District Court.*—HON. C. H. LEWIS, Judge.

THURSDAY, OCTOBER 16, 1890.

ACTION to recover the amount of a promissory note, and to foreclose a mechanic's lien. A decree was rendered in favor of the plaintiff. The defendants appeal.

*D. D. McCallum*, for appellants.

*C. M. Brooks*, for appellee.

ROBINSON, J.—The note in suit purports to have been given for ninety-three dollars and thirteen cents by the defendant, James Hollands. It was given for lightning rods erected upon a dwelling-house owned by his wife and codefendant, Hulda Hollands. Plaintiff asks judgment for the amount of the note against both of said defendants, and the foreclosure of a mechanic's lien on the building and land upon which it is located. The answer of Hulda Hollands is a general denial. James Hollands alleges in his answer that the note as originally drawn and signed was for thirteen dollars, and that since it was made it has been changed without his knowledge or consent, so as to appear to have been

given for ninety-three dollars and thirteen cents ; that plaintiff is not an innocent purchaser for value, and that the note is the property of the original payees, Cole Bros.

On a motion of James Hollands to transfer this cause so far as it related to him to the law side of the docket, it was " ordered that the question of fact could be submitted to the jury " at his request.  A jury was impaneled, and, after the evidence was introduced, they were requested to answer three interrogatories.  They answered in substance that the words " ninety-three " which appear in the body of the note were not written therein when it was signed by Hollands ; that they have not been changed since they were written ; and that the figures in the upper left-hand corner of the note when first written therein were " 13.13." The plaintiff thereupon filed a motion for judgment on the special findings, and the motion was sustained.  Additional evidence was offered on the issues presented by the answer of Hulda Hollands, and on the twenty-third day of March, 1889, judgment was rendered in favor of plaintiff and against defendant, James Hollands, on the note in suit, for one hundred and one dollars and sixty-five cents and costs, and in favor of plaintiff and against defendant, Hulda Hollands, for ninety-three dollars and thirteen cents, and interest, and a mechanic's lien for the amount of the judgment against James Hollands established, and a sale of the premises ordered.

I.   Appellee contends that the evidence introduced on the trial in the district court was not so preserved, and made a part of the record, as to author-

1. PRACTICE in chancery: submission of questions to jury: appeal.

ize a trial *de novo* in this court of any part of the cause, and that as to appellant, James Hollands, the cause was tried in the court below as at law, and cannot be reviewed on errors assigned as far as they are based upon the evidence.

We do not understand from the record that the case as to James Hollands was treated and tried as an action at law, but rather that certain questions of fact

were submitted to a jury for determination. That prac-
tice was authorized by the revision of 1860, and is in
harmony with the earlier chancery practice.    The ver-
dict of the jury was designed to inform the conscience
of the chancellor, and might be followed or disregarded
as he deemed proper.    *McDaniel v. Marygold*, 2 Iowa,
502; Revision of 1860, sec. 2999.    In such cases this
court was not deprived of jurisdiction to try the case
*de novo* on appeal.    *Chambers v. Ingham*, 25 Iowa, 225.
But it was held in *Hobart v. Hobart*, 51 Iowa, 512, that
the Code of 1873 so changed this practice as to require
issues of fact in equitable actions to be tried by the
court.    The court below, therefore, erred in submitting
any of the issues to a jury, but appellants do not com-
plain of that action, nor do they complain that the
cause as to James Hollands was not fully transferred to
the law docket, and tried as an action at law.

Although the court sustained the motion for judg-
ment in favor of plaintiff and against James Hollands
on the special findings, yet it is evident that the special
findings alone did not warrant such judgment, but that
the special findings were considered in connection with
the evidence submitted, and that the judgment rendered
against the husband was in fact based upon the evi-
dence and perhaps the second special finding.    But
whatever the facts may be, we are of the opinion that
the entire case is here for trial *de novo*, if the evidence
has been properly preserved, and that no part of it is
triable on errors assigned.

II.    It appears that when judgment was rendered
the court ordered that defendants have sixty days in
which to file a bill of exceptions.    The bill
of exceptions was not filed until the nine-
teenth day of June, 1889, or more than sixty
days after the order was made.    It was what is known
as a skeleton bill.    On the third day of August, 1889,
the defendants filed the short-hand reporter's translation
of the evidence.    The abstract purports to contain all
the evidence offered and introduced, with the objections

2. ——: record:
bill of excep-
tions.

thereto, and the appellee does not claim that all the evidence introduced and all the evidence offered is not before us, although he has filed an additional abstract. We, therefore, conclude that all the evidence offered on the two trials in the court below is set out in the record in this court.

It is manifest that if the case were not triable here *de novo*, under numerous decisions of this court the evidence could not be considered, because not made a part of the record within the time fixed by the order of court. But in equitable actions, triable *de novo* in this court on issues of fact, it is sufficient if the evidence is made a part of the record within the six months allowed for an appeal. Code, sec. 2742, as amended. Since that statute fixes that time within which the evidence must be made of record, it is not competent for the court to make it less, and the order of the court in this case limiting the time to sixty days was, therefore, of no effect.

III.   There is an irreconcilable conflict in the evidence as to the contents of the note in suit when it was signed. Two witnesses testify positively that the note was then drawn as it now appears, while James Hollands swears that it was not, and that the words "ninety-three" which make the note read: "I promise to pay to Cole Bros., or bearer, ninety-three dollars and thirteen cents," etc., were not then inserted. Before the rods were erected, and the note was given, James Hollands signed an order by which he agreed to pay sixty-seven cents per foot for the rods which should be erected. It is not disputed that one hundred and forty-seven feet of rods were erected under the order, and that the price thereof would aggregate more than the amount of the note. The note was given after the rods were erected. After it was signed by the husband, the wife was asked to sign it, and was about to do so, when she was dissuaded by her husband. He gives as a reason for wishing his wife not to sign that he "knew he was bit, and didn't want to get bit any more," although he claims that he

3. PROMISSORY note: signature in blank: alteration: innocent purchaser.

was to pay but thirteen dollars for the rods, and had signed a note but for that amount. About the time the note became due it was presented to him for payment. He then examined the note but made no objection to it, and said he would pay it if he had the money. At that time the note was in its present condition. We conclude that a preponderance of the evidence shows that there has been no alteration of the note. But if it had in fact been altered, as claimed by appellants, it would appear in that case that it was but little more than a blank when signed. It is shown that the plaintiff purchased it before maturity for value without knowledge of the alleged alteration. Under these circumstances James Hollands could not be heard to deny the making of the note.

IV. The pleadings show the filing of a statement for a mechanic's lien for the amount in controversy.

4. MECHANIC'S lien: improvements by husband on wife's property. Hulda Hollands denies that she authorized her husband to contract for the rods in question, but there is evidence which tends to show that she was consulted about the rodding before it was done, and agreed to it; and she admits that she was present when the rods were put up, and made no objection to what was being done.

Our conclusion upon the entire record is that the judgment of the district court is correct. It is, therefore, AFFIRMED.