H. R. PORTER, *et al.,* Appellees, v. M. T. BUTTERFIELD, *et al.,* Appellants.

**Review of Liquor Consent Statement: TRIAL BY JURY.  Under Code,**
section 3650, providing that issues of fact in all ordinary ac-
tions must be tried by a jury, and all other issues by the court,
an appeal to the district court from a finding by supervisors
as to the sufficiency of an *ex parte* statement of consent to the
sale of intoxicating liquors is not triable by a jury.

COURT AND JURY.  In such case error in submitting the issues to
the jury is not cured by the court's adoption of the jury's
findings.

EVIDENCE: *Parol variance of poll book to show that signer voted.*
Under Code, sections 2448, 2449, providing that the statement
of consent to the sale of intoxicating liquors shall be signed
by a certain percentage of the voters who voted at the last
preceding election as shown by the poll list of such election,
where a name on the statement of consent is different from

116   725
d118  612
d118  613
o118  614

116   725
126   398

116   725
129   674

116   725
132   104
f132  426

116   725
f135  455
135   456

116   725
f144  167
f144  422

that appearing on the poll books parol evidence is not admissible to show that the person who signed the statement of consent voted at a preceding election, though under a different name.

*Number of voters in a particular town.* Under Code, section 2450, requiring the supervisors to canvass statements of consent to the sale of intoxicating liquors, and enter the result in the county and in the various towns and townships therein, on an issue as to the sufficiency of certain statements of consent, evidence showing where various voters resided is admissible to show the number of voters in each particular town.

**Appeal:** CORRECTION OF RECORD BELOW. The trial court may correct the record as to a material matter after appeal.

*Review of ruling on correction.* When no appeal is taken from a ruling correcting the record, the supreme court cannot determine the correctness of the conclusion reached on the evidence.

APPALABLE MATTERS: *Finding liquor consent statement sufficient* Under Code, sections 4100, 4101, giving the supreme court appellate jurisdiction, and allowing appeals from final orders in special actions affecting a substantial right, an appeal will lie from a determination of the sufficiency of a statement of consent to the sale of intoxicating liquors.

CERTIORARI AND APPEAL. Where a certiorari proceeding merely determines the jurisdiction of the district court in affirming a conclusion of the supervisors as to certain statements of consent to the sale of intoxicating liquors, the judgment thereon does not preclude an appeal involving other questions.

*Waiver of appeal—election of remedies.* The prosecution of a certiorari to review the determination of the district court as to the sufficiency of statements of consent to the sale of intoxicating liquors is not a waiver of appeal, as election of remedies does not apply, appeal and certiorari not being necessarily inconsistent remedies.

COSTS: *Taxation to objectors.* Under Code, section 2450, authorizing the taxation of costs on appeal against the losing party, a contention on appeal from a determination as to the sufficiency of certain statements of consent to the sale of intoxicating liquors that no costs should be taxed to the objectors, in any event, is without merit.

FRIDAY, FEBRUARY 14, 1902.

*Appeal from Cedar District Court.*—HON. W. N. TREICH-
LER, Judge.

THIS is a controversy over the sufficiency of certain
statements of consent to the establishment of saloons in
Cedar county. The defendants appeared before the board
of supervisors, and objected to a canvass of the statements.
The objections were overruled, and defendants thereupon
filed what they denominated an answer, in which they de-
nied the sufficiency of the statements and the jurisdiction
of the board. Bonds were filed both by plaintiffs and de-
fendants, as provided by law, and the whole matter was
certified to the district court. The case being called in
that court, petitioners demanded a jury, to which defend-
ants objected. The objections were overruled, and the case
was tried to a jury, which found that the statements of
consent were sufficient. Defendants appeal.—*Reversed.*

*Charles W. Kepler* for appellants.

*T. B. Hanley, Wright & Wright,* and *Preston, Grimm
& Moffit* for appellees.

DEEMER, J.—Several motions are presented which must
be disposed of before we go to the merits. On application
to the district court, after the appeal was taken, the record was
corrected as to a matter material on this appeal. No
appeal seems to have been taken from that ruling, but
appellants herein have filed a motion to strike an amend-
ment to the abstract setting forth the record as corrected. This,
motion is without merit, and will be overruled. The trial
court had jurisdiction to correct the record even after an
appeal to this court. *Barber v. Scott,* 92 Iowa, 57. As
no appeal was taken from the ruling, we cannot determine
the correctness of the conclusion reached.

Appellees move to dismiss for the reason that the find-

ings made by the jury and by the trial court are not appealable orders; that all matters involved in this appeal were disposed of in Butterfield v. Treichler, 113 Iowa, 328; and for the further reason that by prosecuting their certiorari proceedings appellants elected to waive their appeal. This motion must also be overruled. True, the right of appeal is purely statutory, in the absence of constitutional guaranties, but the statute expressly gives the right of appeal from final orders in special actions affecting substantial rights (Code, section 4101), and provides that the supreme court has appellate jurisdiction over all judgments and decisions of all courts of record, except as otherwise provided by law (Code, 4100). The certiorari proceeding simply involved the jurisdiction of the district court, and in the case referred to we expressly refused to pass on other questions. The points involved on this appeal were not disposed of in the certiorari proceedings, except in so far as they relate to the question of jurisdiction. The doctrine of election of remedies does not apply, for the reason that certiorari and appeal are not necessarily inconsistent remedies. The rule is well stated in Kearney Milling & Elevator Co. v. Union Pac. Ry. Co., 97 Iowa, 723, as follows: "A man may not take two contradictory positions; and where he has a right to choose one of two means of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate choice of one will preclude him thereafter from going back and electing the other." Applying it to this case, we do not think the remedies of certiorari and appeal are so inconsistent as that the assertion of one involves the negation or repudiation of the other. True, certiorari will not ordinarily lie where there is a remedy by appeal, and when the party has a right of appeal he cannot proceed by certiorari. The writ of certiorari is never used to correct a mere error, but to test the jurisdiction of the tribunal or the legality of its action. State

*v. Roney,* 37 Iowa, 30.     True, when one pursues the remedy of certiorari, he denies the jurisdiction of the court or the legality of its action, and where he appeals he in effect, impliedly, at least, admits the jurisdiction of the tribunal from whose decision he appeals, although it seems he may even on appeal question the jurisdiction.     *Petty v. Durall,* 4 G. Greene, 120.     But in suing out the writ he by no means affirms that the rulings made by the trial court during the progress of the trial were correct.     As the remedies are not, therefore, inconsistent, there was no election and the motion to dismiss is overruled.     As sustaining our conclusions to some extent at least, see *Smith v. Bricker,* 86 Iowa, 285; *Wheeler Manufacturing Co. v. Carty,* 43 N. J. Law, 336 (21 Atl. Rep. 851).

II.     Turning now to the merits, we have first the ruling on defendants' objections to a trial by jury.     In *Green v. Smith,* 111 Iowa, 183 (decided after this case was tried in the district court), we held that these proceedings were not triable by jury.     Something is said in that case, it is true, to the effect that trial by jury is not an absolute right, and counsel for appellees suggest that, although not an absolute right, yet the trial court, in its discretion, could order it so tried; and that, in any event, no prejudice resulted, because the trial court adopted and sustained the findings of the jury.     Admitting the correctness of the quotation from the Smith opinion, we are nevertheless constrained to hold that trial to a jury in such cases is neither a right nor a privilege. The statute in express terms says that "issues of fact in all ordinary actions must be tried by jury; * * * all other issues shall be tried by the court."     Code, section 3650.     Reference to a jury to enlighten the conscience of the court is no longer permissible under our practice. The section conferring that power last appearing in the Revision of 1860 was repealed by the Code of 1873, and the section which we have quoted substituted in lieu thereof.

Defendants were entitled to the untrammeled and unbiased opinion of the court upon the issues joined, and the trial judge was in error in ordering any of the issues submitted to a jury. These views find support in *Hobart v. Hobart,* 51 Iowa, 512. There is no merit in the suggestion that the trial court adopted the findings of the jury, and therefore no prejudice resulted. That suggestion is disposed of in the *Hobart Case* when it was first before us. See 45 Iowa, 501. This alone is sufficient to dispose of the case, but, as it must be remanded for a new trial, it is deemed advisable to indicate our views on other questions presented, which may arise upon a retrial.

III. Appellants contend that the voters who cast their ballots at the last general election preceding the filing of the statements of consent may only be ascertained from the poll books, and that in the instant case the trial court was in error in permitting plaintiffs to produce and admit an almost innumerable number of witnesses whose names were on the statements of consent to testify that they voted at the general election under a somewhat different name. The Code provides that these statements of consent shall be signed by a certain percentage of the voters (depending on the size of the locality) who voted at the last preceding election, as shown by the poll list of said election. Code, sections 2448, 2449. The poll list is thus made the only and exclusive evidence as to who voted in the particular localities. Therefore. if it transpires that B. W. Sweet signed a statement of consent, and that Dayton Sweet was the only person having the surname of Sweet who voted at the last preceding election as shown by the poll books, B. W. Sweet's name should not be counted. The legislature had power to make rules of evidence for these proceedings, and these rules so made must be observed by the courts. As the poll books are made the only and exclusive evidence by which to de-

termine who voted at any preceding election, parol evidence that one who signed a statement of consent in fact voted at a preceding election, although under a different name from that appearing on the poll books, is inadmissible. True, there may be cases, of course, where parol evidence would be admissible for the sole purpose of identification; as, where there were two John Smiths who voted at a general election as shown by the poll books, one of whom only signed the statement of consent. In such a case, and perhaps in some others, parol evidence might be admitted solely for the purpose of identification. But where, as we have said, the name on the statement of consent is entirely different from that appearing on the poll books, parol evidence is not admissible for the purpose of showing that the man who signed the statement of consent in fact voted at the preceding general election, although under a somewhat different name. Any other rule would open the door for fraud and perjury, and we cannot guard too strongly these provisions of the mulct law, which were carefully framed by the legislature with a view to minimizing the evils resulting from the presence of saloons. Generally speaking, the names appearing on the statements of consent and the poll list must be identical. Of course, initials may be used for the given name in either case, but as a rule, where initials only are used, they should be the same in each case. The middle initial or name is often disregarded, for, as a rule, it is not regarded as part of a name. *Hendershott v. Thompson,* Morris, 186. The use of initials, whether vowels or consonants, as and for a given name, is so common that we should take judicial notice thereof But when one uses his initials in signing a statement of consent the same initials must appear on the poll list, for the initials so used are treated as the Christian or given name. Thus "C. E. Jones" is not "E. C. Jones," "Musto Van Meter" is not F. M. Van Meter," nor is "M. N. Jordan" "N. F. Jordan, nor "W. E. Geller" "W. C. Gel-

ler," nor "R. P. O'Neill" "Rev. Patrick O'Neill." But "Aaron J. Boge" and "Aaron Jordon Boge" are the same. We might go on with further illustrations, but these will suffice to indicate the rules to be applied. Some of these names and initials are taken from actual cases, as will be observed from a reference to the following: *Burford v. McCue,* 53 Pa. 427; *McMinn v. Whelan,* 27 Cal. 300; *Bogue v. Bigelow,* 29 Vt. 179; *Carpenter v. State,* 8 Mo. 291; *Hunt v. Stewart,* 7 Ala. 525; *Kennedy v. Merriam,* 70 Ill. 228; *Fewlass v. Abbott,* 28 Mich. 270; *Tweedy v. Jarvis* 27 Conn. 45; *Perkins v. McDowell,* 3 Wyo. 328 (23 Pac. Rep. 71); *Breedlove v. Nicolet,* 7 Pet. 413 (8 L. Ed. 731); *Bratton v. Seymour,* 4 Watts, 329; *Stewart v. Colter,* 31 Minn. 385 (18 N. W. Rep. 98). That there may be no mistake regarding the rule to be applied, we may also say that judicial notice will be taken of the ordinary and commonly used abbreviations and equivalents for Christian names. Thus "Wm." and "William" are the same, and so are "Jo." and "Joseph," "Th." and "Thomas," and so on. *Com. v. O'Baldwin,* 103 Mass. 210; *Inhabitants of Shelburne v. Inhabitants of Rochester,* 1 Pick. 470; *Ogden v. Gibbons,* 5 N. J. Law, 518; *Walter v. State,* 105 Ind. 589 (5 N. E. Rep. 732). With these rules for our guide, it is apparent that the trial court was in error in its rulings on the admission and rejection of evidence and in the giving of instructions with reference to identity of names.

IV. Under Code, section 2450, it was the duty of the board of supervisors and of the trial court on appeal to canvass the statements of consent, and to find and enter of record the result in the county and in the various towns and townships therein. It appears that Mechanicsville is an incorporated town situated partly in Pioneer township and partly in Fremont township, in Cedar county. Stanwood, is another town in Fremont township, at which place some of the electors living in Mechanicsville voted. Lowden, Ben-

net, Durant and Stanwood are also incorporated towns in said county. The trial court admitted testimony tending to show where the various voters resided for the purpose of showing the number of voters in each particular town. The statute does not prescribe the method by which the board or the court is to find the result in the various towns and townships, and, unless this matter is required to be entered on the poll list or some other books or documents, resort must of necessity be had to the next best evidence obtainable. The poll lists did not show in what town the voters resided, and there is no requirement of law that they should show it. See Code, sections 1132, 1144, 1145. The testimony as to the residence of these voters was therefore properly received.

V. Defendants' motion to retax costs need not be considered at this time. Their contention that no costs should be taxed to the objectors in any event is without merit. Section 2450 of the Code expressly provides that costs in all cases of appeal shall be taxed against the losing party. Whether or not some of the costs made by petitioners should have been retaxed on defendants' motion, we do not now decide, as the case must be retried, and the matter of costs may then be determined by the trial court.

For the errors pointed out, the findings of the jury and the order and judgment of the trial court are RE-VERSED.