S. H. KLOPP, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

**Railroads:** CROSSINGS: *Mandamus*: TRIAL BY COURT. *Mandamus* is
1 the proper action to compel a railway company to construct a crossing for the accommodation of a landowner, and under the statute must be tried to the court whether of a legal or equitable nature; and a trial to a jury over objection is reversible error.

**Same:** TRANSFER TO EQUITY: STATUTES. The provisions of the statute
2 relating to transfer of causes without abatement or dismissal, when an error in the kind of proceeding has been adopted, are not applicable to an action in *mandamus;* and if designated in the petition as a law action that fact would not require the defendant to move for a transfer to the equity side of the docket and to object to a jury trial before answering, for the court has no authority to submit the action in any form to a jury.

**Same:** REVERSAL. Where an action in *mandamus* has been errone-
3 ously tried to a jury it will be reversed that it may be tried to the court as provided by statute.

*Appeal from Linn District Court.*—HON. MILO P. SMITH,
JUDGE.

WEDNESDAY, JUNE 26, 1912.

ACTION of mandamus wherein plaintiff, an owner of property on either side of defendant's line of railway seeks to compel defendant to construct an underground crossing on its roadbed for use in connection with plaintiff's premises; and for judgment for $500 damages for failure to maintain an adequate crossing from August 1, 1906, down to the date of the institution of the action. Over defendant's protest and exceptions the case was tried to a jury, resulting in a verdict for plaintiff, and a finding that he was entitled to' an underground crossing at or near the point asked for by him, and that he had sustained damages in the sum of one dollar. The jury also returned an answer to a special interrogatory as follows: "Under all the facts and circumstances given in evidence which crossing do you find is the more reasonably adequate, the crossing which the plaintiff has requested, or the present one? Answer: The one requested." Judgment having been rendered on this verdict, the defendant appeals.—*Reversed* and *remanded.*

*Cook, Hughes & Sutherland,* for appellant.

*Rickel & Dennis,* for appellee.

DEEMER, J.—The petition filed by plaintiff was denominated a petition at law, but was really an action of mandamus to require the defendant to construct an underground crossing, connecting his lands on either side of the defendant's right of way, and asking a judgment for damages. In due season defendant filed an answer to this petition. Thereafter the defendant was given leave to

withdraw its answer, and to file a motion to transfer the cause to the equity side of the docket. This motion was overruled by the court on the 12th day of November, 1910; the defendant preserving its exception. Thereupon the defendant filed an answer, setting forth various defenses, and, after filing its second answer, the defendant filed its second motion to transfer the case to the equity side of the docket. This last motion was overruled by the court on the 14th day of November, 1910. The case was assigned for trial and came on for hearing on the 14th day of November. When the case was reached, the defendant made the following objection: "The defendant objects to the calling, swearing, or impaneling of a jury in this cause, and objects to the cause being tried before a jury, because section 4341 of the Code Supplement of 1907 provides that all such cases shall be tried as equitable actions, and the court has no right, authority, or jurisdiction to try the same before a jury." This objection was overruled, a jury was impaneled, and the case proceeded to trial to a jury. At the conclusion of plaintiff's evidence defendant moved for a directed verdict, which motion was overruled, and the defendant excepted. At the conclusion of all the evidence, the defendant renewed its motion for a directed verdict, which motion was overruled and exception again taken. The jury was then instructed and returned a verdict with the answer to the special interrogatory heretofore set out. Defendant excepted to the verdict, and thereupon filed a motion for decree and judgment denying the writ of mandamus. This motion was based upon the defenses pleaded in defendant's answer, and raised practically all the questions which it relied upon as a defense to plaintiff's suit. This motion was overruled, and a judgement and order for writ of mandamus granted as prayed.

I. The appeal challenges many of the rulings and orders of the trial court. The only one which we need now consider is the trial of the case to a jury over the

defendant's objections, which were interposed at the time the jury was called; and perhaps the ruling on the first motion made by the defendant to transfer the cause to the equity docket.

*1. RAILROADS: crossings: mandamus: trial by court.*

The statute with reference to actions of mandamus in force when this action was tried reads as follows: "The action of mandamus is one brought to obtain an order commanding . . . a corporation or person to do or not to do an act, the performance or omission of which the law enjoins as a duty resulting from an office, trust or station. . . . All such actions shall be tried as equitable actions." Code Supplement, section 4341. That the action was of mandamus, and was properly brought as such, is practically conceded. Indeed, such is the holding in *Boggs v. Railway,* 54 Iowa, 435. Whether it be proper to entitle it in the petition as an action at law or in equity is not, as we think, material. Until the change in the statute, it was generally recognized as a special proceeding, or an action at law and triable to a jury, but the statute now says that "all such actions (no matter whether at law or in equity) shall be tried as equitable actions." Section 3650 of the Code provides that: "Issues of fact in an ordinary action must be tried by jury, unless the same is waived. All other actions shall be tried by the court, unless a reference thereof is made." This section has not been regarded as applicable to what are now denominated in the Code (section 3425) as special actions. See *In re Bresee,* 82 Iowa, 573; *Porter v. Butterfield,* 116 Iowa, 729; *Green v. Smith,* 111 Iowa, 185; *Frank v. Hollands,* 81 Iowa, 166; *In re Culver's Estate* 153 Iowa, 461. As the statute expressly provides that the action shall be tried as an equitable one, the court had no right or authority, over defendant's objections, to order the case tried to a jury; and was not justified in shifting the responsibility to such a tribunal. The parties were entitled to the personal judgment and decision of the court, and

the designation of the petition as one at law, instead of a
petition in equity, did not warrant the court in refusing
to try the issues, where the request was made before the
trial was actually begun. This question is settled, as we
think, in *Hobart v. Hobart,* 51 Iowa, 513. This, it is true,
was a divorce suit, which, over the objection of the defend-
ant, the court referred to a jury, received the jury's ver-
dict, and entered a decree in accord with the verdict so
returned. The question arose upon appeal as to the va-
lidity of such a verdict, and in the course of the opinion
the court said:

Section 2998 of the Revision provides: 'Issues of
law must be tried by the court unless referred as provided
in section 3089. An issue of fact in an action by ordinary
proceedings must be tried by a jury, unless a jury trial
shall be waived, as provided in section 3087, or a reference
be ordered as provided in section 3090.' Section 2740 of
the Code of 1873, which is a substitute for section 2998
of the Revision, is as follows: 'Issues of fact, in an action
of ordinary proceeding, must be tried by jury, unless the
same is waived. All other issues shall be tried by the court,
unless a reference thereof is made.' Sections 2741 and
2742 of the Code, which are substituted for section 2999
of the Revision, do not contain the provision respecting
the submission of a question of fact to a jury to inform
the conscience of the court. This omission is very sig-
nificant, and sufficient of itself to raise a strong presump-
tion of an intention to change the practice in such cases.
But, in addition to this omission, section 2740 of the Code
affirmatively provides for the manner in which issues of
fact shall be tried. This section declares that all issues,
other than issues of fact in an action in an ordinary pro-
ceeding, shall be tried by the court, unless a reference
thereof is made. This provision, it seems to us, places it
beyond question that an issue of fact, in an equitable pro-
ceeding can not be submitted to a jury. Appellee insists
that the exception in section 2740, allowing a reference,
authorizes a reference of a question of fact to a jury.
But this construction is not admissible. A reference of
issues of fact in actions is provided for in sections 2815-2830

of the Code. It is to such a reference that section 2740 refers. It is true that in *Sherwood v. Sherwood*, 44 Iowa, 192, this court said: 'It would have been competent for the court to have had the issue respecting the alleged adultery tried by a jury in order to advise the conscience of the court, and this in analogy to the English chancery practice.' But this point was not in that case, inasmuch as a jury trial was demanded and was refused. Besides, the attention of the court was not directed to the change in the law as to the mode of trial. The same is true as to the *Howe Machine Co. v. Woolly*, 50 Iowa, 549. A trial by jury was also denied in that case. What was said is a mere repetition of the dictum in the case of *Sherwood v. Sherwood, supra.* Section 2511 of the Code provides that an action for divorce shall be prosecuted by equitable proceedings. Upon the former appeal of this case it was held that the adoption by the court, upon an examination of the evidence, of the findings of the referee, does not remove the prejudice which may have resulted from the reference. The same is true as to the adoption by the court of the findings of the jury.

The applicability of this decision to the instant case is apparent when we turn to the statute, under which that decision was made, with reference to the trial of divorce suits. It was 2511 of the Code of 1873, which is now 3430 of the present Code, and reads as follows: "An action for a divorce shall be by equitable proceedings." The one objection interposed in the *Hobart* case was to the trial of the case to a jury because the law required such cases to be tried by the judge. This objection was overruled, and the case proceeded to trial to a jury, as already indicated. The case was reversed simply because of the error in submitting it to a jury.

Appellee attempts to meet this by referring to the well-known rule, applied to proper cases, to the effect that an error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings

and a transfer to the proper docket, and that an error as to
the kind of proceedings adopted in the action
is waived by a failure to move for its
correction at the time and in the manner
prescribed in the Code. This procedure is as ·follows:
"Such error may be corrected by the plaintiff without
motion at any time before the defendant has answered,
or afterwards on motion in court." (Code, section 3433.)
"The defendant may have the correction made by motion
at or before the ·filing of his answer, where it appears by
the provision of this Code wrong proceedings have been
adopted." Code, section 3434.) We do not think these sec-
tions are applicable to the case. There was no error in the
kind of proceedings adopted. The action was rightly in
mandamus, and the sole question for determination was
how should such an action be tried, whether to the court
or by jury. That question would not arise properly
until the case was called for trial. But, if we should hold
these sections applicable, the same conclusion would result;
for the reason that, while defendant did not file its first
motion to transfer at the time of or before the filing of its
first answer, it had permission of the court to withdraw
this answer, and then filed its motion to transfer. Even
if such a motion were necessary, we think the court was
in error in denying the first motion to transfer. But the
fact is there was no error as to the kind of proceedings
adopted. The statute expressly says that the action of
mandamus shall be tried as an equitable one, and the
court had no power, in view of defendant's objections, to
order the issues submitted to a jury, and then to adopt
the findings of the jury as basis of its judgment and
decree. This it seems to us is so plain that argument can
add little.

II. For the error pointed out, the case must be re-
versed, and the only remaining question is, What shall be
done with it? The trial court has never, as yet, passed

2. Same: transfer to equity: statutes.

upon the matter, save as it adopted the conclusion of the jury. The parties are entitled to his independent judgment, and until that is had this court should not interefere. We may say however, that under the record as it now appears, especially in view of the verdict of the jury, it is very doubtful whether plaintiff is entitled to the relief demanded. Under the facts as we understand them, and, of course, they may not be the same upon a retrial, we would be disposed to find that the plaintiff was not entitled to a writ compelling the underground crossing which he seeks to have established.

*3. SAME: reversal.*

We, therefore, reverse the case that the same may be tried by the court as the Code provides, with permission, of course, to either party to introduce such testimony as it may have to offer. For the reasons already stated, the judgment must be, and it is, reversed, and the cause remanded for further proceedings in harmony with this opinion.—*Reversed* and *remanded.*