THE WHEELER AND WILSON MANUFACTURING COMPANY
v. HORACE G. CARTY.

1. A justice's court has no jurisdiction of a suit against a foreign corporation.

2. A judgment of a justice's court in such suit is reversible either by *certiorari* or upon appeal to the Common Pleas.

3. An appeal in such case to the Common Pleas, which is dismissed because it was not perfected and prosecuted, is no bar to the remedy by *certiorari.*

---

On *certiorari.*

Argued at November Term, 1890, before Justices DEPUE and VAN SYCKEL.

For the plaintiff in *certiorari,* W. M. Lanning.

For the defendant, M. L. Trimmer.

The opinion of the court was delivered by

VAN SYCKEL, J. Carty, the defendant in *certiorari,* brought suit against the plaintiff in *certiorari* before a justice of the peace of Hunterdon county and recovered judgment.

The prosecutor appeared before the justice, filed an off-set and contested the suit.

This writ is prosecuted to set aside the judgment below for alleged want of jurisdiction in the small cause court. It is admitted that the prosecutor is a foreign corporation, organized under the laws of the State of Connecticut, and it is insisted that such a corporation is not suable in a justice's court in this state.

The Justices' Court act provides that "any body politic or corporate in this state may sue or be sued in any court for the trial of small causes, in any action or proceeding over which said court has jurisdiction." *Rev., p.* 539, § 7.

Section 18 of the same act provides that "if the defendant be a body politic or corporate, the summons may be served on the president, treasurer, cashier or clerk of said corporation, if found, and if not found, on any of the directors or managers thereof in the manner hereinabove directed." *Rev., p.* 542.

It appears by the return of the summons that it was served in the manner required by the eighty-eighth section of the Corporation act. *Rev., p.* 193.

In *Delaware, Lackawanna and Western R. R. Co.* v. *Ditton,* 7 *Vroom* 361, this court held that section 88 of the Corporation act applies only to the mode of serving process in the higher courts, and not to a justice's court. A summons issued by a justice of the peace must be served as directed by the Small Cause act. *Rev., p.* 542, § 18.

This act provides no method for serving process upon a foreign corporation. The mode of service prescribed by section 18 indicates that it relates only to corporations created by this state—such corporations as have their officers and directors resident in this state. The language used is, as to manner of service, substantially like that in the eighty-seventh section of the Corporation act directing the mode of service on domestic corporations.

The omission in the Justices' Court act to provide expressly for service on foreign corporations, as is done in the eighty-

eighth section of the Corporation act for the higher courts, is significant of the legislative intent to withhold from justices of the peace jurisdiction over them.

The words " any body politic or corporate in this state," in the seventh section of the Justices' Court act, mean a domestic corporation. Such was the interpretation adopted by Mr. Justice Depue, in *Williams* v. *Lehigh Valley R. R. Co.*, 11 *N. J. L. J.* 202, where he held this language to signify only such corporations as have their existence in the place of their creation. A corporation organized under the laws of the State of Connecticut is not " a corporation in this state."

In *The Pennsylvania R. R. Co.* v. *Bennett*, 18 *Vroom* 275, the question whether the relator was suable in a justice's court was not raised ; the judgment was reversed on other grounds.

*The Phillipsburg Bank* v. *Delaware, Lackawanna and Western R. R. Co.*, 3 *Dutcher* 206, is one of a class of cases in which it has been held that an attachment will not lie against certain corporations not created by the laws of this state ; but that ruling is not based upon the idea that they are corporations in this state, but that by reason of transacting business in this state they can be served with process, and are therefore not attachable.

The fact that the prosecutor appeared to the suit below cannot confer jurisdiction. *School Trustees* v. *Stocker*, 13 *Vroom* 115.

A justice's court was not competent to adjudicate a claim against a foreign corporation, and such jurisdiction cannot be given by consent, nor can the right to object to the want of it be lost by acquiescence.

A judgment in the court for the trial of small causes, in a cause of which the court has no jurisdiction, is reviewable either by *certiorari* or by appeal. *State* v. *Cassidy*, 9 *Vroom* 437 ; *Ritter* v. *Kunkle*, 10 *Id.* 259 ; *Williamson* v. *Common Pleas*, 13 *Id.* 386.

In this case an appeal was first taken to the Hunterdon Pleas, but the papers were not sent up by the justice and the appeal was for that reason dismissed.

This did not deprive the prosecutor of his remedy by *certiorari.*

If there had been a trial on the appeal, the adjudication of the Common Pleas would have been conclusive until set aside or reversed.

The judgment below should be reversed.