## THE PENNSYLVANIA RAILROAD COMPANY v. NATHAN KREITZMAN.

1. A summons issued out of the court for the trial of small causes must be served as directed by the act, to give the justice jurisdiction.

·2. The only effect of the act of March 23d, 1892, entitled "An act con-stituting courts for the trial of small causes" [Revision], approved March 27th, 1874 (*Pamph. L., p.* 182), was to confer on such courts jurisdiction over corporations of other states.   The eighteenth section of the Small Cause act, which specifically provides for the mode of serving process on corporations, was not altered.

·3. The eighty-eighth section of the Corporation act, which provides for service of process on a foreign corporation not holding its charter · under the laws of this state (*Rev., p.* 198), applies only to process issued out of the upper courts, and not to justices' courts.

·4. A summons issued out of the court for the trial of small causes was served on a ticket agent of the Pennsylvania Railroad Company, a

foreign corporation, at its Rahway station. *Held*, that the ticket agent was not a representative of the company within the designation of the eighteenth section of the Justice's Court act.

On *certiorari* to the justice's court.

Argued at June Term, 1894, before Justices DEPUE, VAN SYCKEL and REED.

For the plaintiff in *certiorari*, *William S. Gummere.*

*Contra, William D. Tindall.*

The opinion of the court was delivered by

DEPUE, J. The eighteenth section of the act constituting the court for the trial of small causes provides the mode of serving a summons issued out of that court, by service on the president, treasurer, cashier or clerk of said corporation, and if not found, on any of the directors or managers thereof. *Pennsylvania Railroad Co. v. Bennett*, 18 *Vroom* 275. A summons issued out of the court for the trial of small causes must be served as directed by the act, to give the justice jurisdiction.

Prior to the act of 1892 the court for the trial of small causes had no jurisdiction of a suit against a foreign corporation. *Wheeler & Wilson Manufacturing Co. v. Carty*, 24 *Vroom* 336. The act of 1892 simply amended the seventh section of the Justice's Court act. That section, as it stood originally, provided "that any body politic or corporate, in this state, may sue or be sued in any court for the trial of small causes in any action or proceeding over which said court has jurisdiction." *Rev., p.* 539. The only change made in this section by the act of 1892 was the inserting in that section, as it originally stood, the words "or of any other state" after the words "any body politic or corporate, in this state." *Pamph. L., p.* 182. The effect of the latter act was to confer on these courts jurisdiction over corporations of other states. But the eighteenth section of the Small Cause

act, which specifically provides for the mode of serving process on corporations, was not altered. That section was left in the same condition as it was when Pennsylvania Railroad Co. *v.* Bennett was decided. The eighty-eighth section of the Corporation act, which provides for service on a foreign corporation or body corporate not holding its charter under the laws of the state (*Rev., p.* 193), applies only to process issued out of the higher courts, and not to justices' courts. *Delaware, Lackawanna and Western Railroad Co.* v. *Ditton,* 7 *Vroom* 361.

The summons in this case was served on Francis Thorne, a ticket agent of the defendant, at the Rahway station. Mr. Thorne was not a representative of the company within the designation of the eighteenth section of the Justice's Court act. Consequently, the justice had not jurisdiction of the case, and the judgment should be reversed.