IOWA AUTOMOBILE & SUPPLY COMPANY, Appellant, v. EARL N. MANBECK, Appellee.

NEW TRIAL: Grounds—Misconduct of Counsel—Improper Argument. It is reversible error for counsel to *repeatedly* state to the jury that opposing counsel had objected to a jury trial (which statement was true in fact), and that said opposing counsel did not trust a jury, and fought to prevent a trial by jury.

*Appeal from Des Moines Municipal Court.*—JOSEPH E. MEYER, Judge.

DECEMBER 19, 1917.

REHEARING DENIED MARCH 18, 1918.

ACTION to recover certain commissions paid by plaintiff to the defendant by mistake, in the sum of $225, for merchandise sold to defendant in the sum of $48.50, and on a check made by defendant to plaintiff, upon which payment was refused, in the sum of $185.49. Defendant denied the first two items, and admitted the execution of the check, but alleged that plaintiff had agreed to pay him any balance that might be found due, and set up a counterclaim amount-

ing to $200 for commissions on alleged sales and expenses incurred. There was a trial to a jury and a verdict for defendant on the counterclaim for $14.50, and this was the difference between the defendant's counterclaim and the check. Plaintiff appeals.—*Reversed.*

*Neiman & Neiman,* for appellant.

*Mulvaney & Mulvaney,* for appellee.

PRESTON, J.—Two errors are assigned: First, that the court erred in submitting the case to the jury over plaintiff's objection, because the demand for jury was not made in time; second, that the court erred in overruling plaintiff's motion for new trial because of misconduct in argument of defendant's counsel.

1. A rule of court made under Section 694-c42, Supplemental Supplement to the Code, 1915 (Municipal Court Act), provides that:

"If either party desires a jury trial, he shall file his request for the same with the clerk not later than the next day after the answer is filed."

The answer was filed December 9, 1916, and the trial commenced on December 12th. No demand was made for a jury until the case was called for trial, at which time defendant demanded a jury, and plaintiff objected. There was some discussion in the presence of the jurors, in regard to whether defendant was entitled to a jury. Plaintiff contends that defendant's failure to make the demand for a jury in accordance with the rule is a waiver of the right. Plaintiff cites *Haythorn v. Van Keuren,* 79 N. J. L. 101 (74 Atl. 502) ; *Phoenix Pottery Co. v. Perkins Co.,* 79 N. J. L. 78 (74 Atl. 258) ; *Klopp v. Chicago, M. & St. P. R. Co.,* 156 Iowa 466.

There is some claim that counsel for plaintiff finally acquiesced in a jury trial, after he had made his objection.

The trial court found as to this that, for some reason, no demand was made by either party for a jury, but that the case was treated as a jury case, if not by attorneys both for plaintiff and defendant, at least by attorney for defendant, who was led so to believe by what transpired in the assignment division, a part of which appears of record in this cause at the opening of the trial; and was of opinion that, because there was no delay in having a jury trial, there was no prejudice.

It is clear that no jury was demanded in the manner provided by the rule, and it is not clear that plaintiff did assent to a jury trial, or that plaintiff treated it as a jury case, though the court thought defendant did so treat it. But the objection is by plaintiff. We are inclined to plaintiff's view of this matter; but, in view of the confusion in the record, and because, in our opinion, the cause ought to be reversed on the second assignment, we do not definitely pass upon this point.

2. Plaintiff had the right to object to a jury trial and insist upon his claim that defendant had waived a jury because the demand had not been made in accordance with the rule. Counsel for defendant, in his argument to the jury, repeatedly referred to the matter of plaintiff's objection to a jury trial, and as to this point, the motion for new trial is as follows:

"2. For misconduct of counsel for defendant, John T. Mulvaney, in this: that he used the following language in his argument to the jury:

"That the plaintiff's attorney [Carl H. Neiman] was no man.

"That the plaintiff's attorney [Carl H. Neiman] had fought the jury, and attempted to deprive the defendant of his constitutional right of trial by jury.

"That the plaintiff's attorney was the only perfect man in the room.

"That the plaintiff's attorney did not trust a jury.

"That plaintiff's attorney [Carl H. Neiman] had induced plaintiff, and that if it had not been for the suggestions of plaintiff's attorney, plaintiff would not have thought of any allegations of fraud, they being legal conclusion and a frame-up on the part of plaintiff's attorney.

"That the charges of fraud set out in plaintiff's amended petition were the afterthought of its attorney, and would not have been made or thought of by plaintiff except as plaintiff's attorney had suggested them.

"That plaintiff's president [John H. Gibson] would have settled this action, had it not been for the acts of his attorney in inducing him to bring it; and that, when plaintiff's president was not under the influence of his attorney and the influence of this law suit and litigation, he would be friendly to defendant.

"That plaintiff's attorney scraped up the claims set forth in Count I of plaintiff's amendment to its petition, and the allegations of fraud therein contained, and that the same would not have been made except for this; and that plaintiff's president [John H. Gibson] would not have signed and swore to said petition and amendment, except on and at the direction of his attorney [Carl H. Neiman].

"That said language is now a part of the record, having been incorporated as such in two partial bills of exception, certified respectively by two bystanders, and by his honor, Jos. E. Meyer, judge.

"That the use of said language by counsel for defendant in his argument to the jury was objected and excepted to at the time, by this plaintiff, for the following reasons: that the same was improper, was not contained in the evidence or exhibits offered or introduced upon the trial of said case; that it prejudiced the minds of the jury against this plaintiff, and was used by aforesaid Mulvaney with an intent so to do; that the jury in said case was, in fact, prej-

udiced by said language, to the damage of this plaintiff thereby."

The foregoing matters were incorporated in a bill of exceptions, and presented to the presiding judge, who refused to sign the same, as presented, because he was not present during all of the argument. But a part of the matters are incorporated in the judge's bill of exceptions, and the others in a bill of exceptions signed by bystanders, and the other matters complained of are incorporated. The judge's bill of exceptions recites that he was not in the court room until called by the attorney for plaintiff, who stated to the judge that he objected to certain remarks which were being made in argument to the jury, in regard to plaintiff's attorney having fought a jury, etc.; and thereupon, the judge entered the court room, and the judge certifies to the argument had after that. The judge's bill of exceptions recites that, during the argument of this attorney, he did not caution the attorney in the use of his language. In overruling the motion, the court stated that the statements made and embodied in plaintiff's motion for new trial were not prejudicial. Defendant filed affidavits of some of the parties who, as bystanders, had signed a bill of exceptions, and others were examined in open court; and defendant and his counsel filed their affidavits, controverting and qualifying, to some extent, some of the statements in the bills of exception. Defendant moved to strike both bills of exception from the files, on various grounds; but this motion was not, as we understand the record, ruled upon; so that they both stand.

About 27 or 28 pages of the abstract are taken up in the printing of the bills of exception, affidavits, motion to strike, etc., in regard to this alleged misconduct. It is conceded by appellee that the record as presented is unusual; and it is. It is difficult to get at the exact situation, but the record is substantially as we have stated it. There

is, it is true, a discretion in the trial court in ruling on motions for new trial.

Appellant contends that counsel for defendant, without any support in the record, charged Mr. Neiman with matters which, if true, would be grounds for disbarment, under Sections 317 to 324 of the Code, and charged him with stirring up litigation, and the like, in addition to the remarks about plaintiff's objection to a jury. To our minds, the latter were highly prejudicial to the plaintiff. The demand for a jury had been opposed by plaintiff's counsel in the presence of the jury, and there was repeated argument by counsel for defendant that plaintiff's attorney did not trust a jury, and fought a jury trial, and the like. The tendency of this would be very strong to prejudice plaintiff's counsel in the minds of the jury, and thus prejudice the rights of plaintiff itself. That, no doubt, was the purpose of the argument. We are of opinion that it was prejudicial and reversible error. In, view of a new trial, we ought not to discuss the merits of the case; but, from the entire record, we are satisfied that the plaintiff did not have a fair trial.

The judgment is reversed and remanded for proceedings in harmony with this opinion.—*Reversed.*

GAYNOR, C. J., WEAVER and STEVENS, JJ., concur.