MYRTLE FREED, Appellee, v. WILLIAM CARLSON, Appellant.

PLEADING: Amendment—Chaste Character. In an action for damages for breach of promise of marriage, with seduction as an aggravating circumstance, the previous chaste character of plaintiff may be alleged in an amendment filed at the close of the testimony.

BREACH OF MARRIAGE PROMISE: Seduction—Instructions. In an action for damages for breach of promise of marriage, the plaintiff may plead seduction as an aggravating circumstance; and, if the defendant wishes special instructions as to the plaintiff's alleged "previous chaste character," he should make request therefor.

BREACH OF MARRIAGE PROMISE: Instructions. In an action for damages for breach of a promise of marriage, the use, in the instructions relative to damages, of the general term "disgrace" presents no error, when other instructions clearly apprise the jury of the application which it should make of said term.

APPEAL AND ERROR: Proceedings Not in Record—Misconduct of Counsel. Error based on alleged misconduct of counsel will not be considered when the error, if any, is shown by affidavits which are *not* incorporated in the bill of exceptions.

*Appeal from Webster District Court.*—H. E. FRY, Judge.

NOVEMBER 20, 1923.

ACTION to recover damages for the breach of a promise of marriage, with a plea of seduction in aggravation of damages. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Mitchell & Files,* for appellant.

*Healy & Breen* and *Healy, Thomas & Healy,* for appellee.

STEVENS, J.—I. Insufficiency of the evidence to sustain a verdict in appellee's favor is not made a ground for reversal. All of the propositions relied upon for reversal are based upon alleged errors committed by the court in its charge to the jury. Although appellee's cause of action is alleged in one ground of the petition, which was amended before, and again at the time of the trial, the court required her to elect whether she would proceed upon the allegations of seduction only, or upon her cause of action for the alleged breach of promise of marriage, with seduction as aggravation of damages. She elected to stand upon the latter, and the cause was so submitted to the jury. Appellee's previous chaste character was not alleged in the original peti-

1. PLEADING: amendment: chaste character.

tion, but it was alleged in the amendment tendered at the conclusion of all the testimony, for the purpose of conforming the pleadings to the proof. Appellant moved to strike this amendment upon the ground that it was filed too late, and that it introduced a new issue. The motion was overruled. We think the ruling was correct.

Appellee testified that she had never had sexual intercourse with anyone but appellant. This testimony is offset, if at all, only by the testimony of several witnesses introduced by appellant to the effect that appellee told and listened to vulgar stories, used some profanity, and upon one occasion suggested to a young man that she would "strip off" if he would. All of this testimony is denied by her. There was no abuse of the court's discretion in permitting the amendment to be filed. ·

II. The only reference in the instructions to the subject of appellee's previous chastity is in the statement of the issues. The instructions do not define or otherwise refer to the term "previous chaste character." Appellant requested an instruction in effect withdrawing this issue from the jury. The request was refused by the court. This ruling is one of the grounds relied upon for reversal. The requested instruction is not based upon the evidence, and could not properly have been allowed. The elements which were necessary to appellee's recovery, and which she was required to prove by a preponderance of the evidence, were clearly and succinctly stated by the court, in substance as follows: (1) The alleged agreement of marriage; (2) the breach thereof by appellant; and (3) that appellee was damaged thereby. It is true, the court did not define the term "previous chaste character," nor was any request made for an instruction to that effect. The jury was instructed that, unless the alleged agreement of marriage and the breach thereof by appellant were shown by the greater weight of the evidence, appellee could not recover, notwithstanding that the charge of seduction might be proved. The only consideration which the jury, under the instructions, was permitted to give to the subject of appellee's seduction, was in aggravation of damages. That the issue of appellee's seduction had considerable weight with the jury may readily be conceded.

*2. BREACH OF MARRIAGE PROMISE: seduction: instructions.*

The evidence tended to show that appellant kept company with appellee for several months; that he secured her confidence, and seduced her under repeated promises of marriage. She became pregnant, and gave birth to a child. The truth of appellee's testimony is attested, in large part, by the admitted conduct of appellant. The jury had a right to take the issue of appellee's seduction into consideration, in fixing the recovery to be awarded. The ruling complained of was proper.

III. The court, in enumerating the various matters to be considered by the jury in fixing appellee's recovery for a breach of the alleged contract to marry, used the word "disgrace." The connection in which this word was used had no reference to the previous chaste character of appellee. The elements stated are those usually enumerated in an instruction upon the measure of damages in breach of promise actions. Immediately following the enumeration of the several elements to be taken into consideration in fixing damages for the breach of the contract of marriage, the court said:

3. BREACH OF MARRIAGE PROMISE: instructions.

"And if you further find that, by reason of defendant's promise to marry the plaintiff, if there was such promise, and by other seductive means employed, if any, he seduced the plaintiff, and that thereby she became pregnant, you should, in estimating her damages, take these facts into due consideration in aggravation of damages, as tending to increase the humiliation, grief, shame, and distress, if any, which she has suffered by reason of her abandonment by the defendant, and should fix the amount of the recovery accordingly."

The word "disgrace" is not repeated in the portion of the instruction quoted, and the jury is clearly instructed to consider the seduction of appellee only in aggravation of damages, as tending to increase her humiliation, shame, and distress. These elements are proper to be considered in aggravation of damages for the breach of a contract of marriage (*Robinson v. Craver*, 88 Iowa 381; *Lauer v. Banning*, 152 Iowa 99; *Nolan v. Glynn*, 163 Iowa 146; *Morgan v. Muench*, 181 Iowa 719; *Geiger v. Payne*, 102 Iowa 581); as is also seduction an aggravation. *Geiger v. Payne*, supra; *Fletcher v. Ketcham*, 160 Iowa 364; *Nolan v. Glynn*, supra.

As stated, the evidence quite persuasively supports appellee's claim of previous chastity. The issue was presented and properly permitted by the amendment to the petition filed at the close of the evidence. Had an instruction defining "previous chaste character" been requested, the court would, no doubt, have given it to the jury. Instead of requesting an instruction to that effect, appellant requested the court to withdraw this issue from the jury.

Counsel throughout their argument earnestly press their contention that the reference to appellee's previous chaste character, in the statement of the issues, without more, was necessarily prejudicial to their client, and that the elements submitted for the consideration of the jury in estimating damages open up the subject for the greatest speculation of the jury. We do not think so. Appellee neither sought, nor was she permitted, to recover damages for her seduction. This issue, as stated, was submitted to the jury only for its consideration in aggravation of the damages awarded for the breach of the contract to marry. It is probable that the jurors gave weight to the testimony of appellee that she had never had sexual intercourse with anyone but appellant, and this they had a right to do. We are convinced that the court, in its instructions, properly guarded the rights of appellant. The verdict is large, but this is not particularly complained of.

Some complaint is also made of the court's instructions permitting recovery for pecuniary loss and social advantage on account of the refusal of appellee to consummate the contract of marriage. The only evidence touching the subject of appellant's property was that he is a farmer, a tenant, living and "batching" upon his father's farm. The jury might have found that he was possessed of some property, but the record leaves this matter in a very unsatisfactory condition. We are loath, however, to reverse on this matter alone. We have examined the court's charge carefully; and while other portions thereof are criticized, the further criticisms are without substantial merit.

IV. Misconduct of counsel for appellee in argument is also alleged. Misconduct is shown, if at all, only by affidavits attached to the motion for a new trial. These affidavits were

4. APPEAL AND
ERROR: proceed-
ings not in rec-
ord: misconduct
of counsel.

not incorporated in a bill of exceptions, and for this reason cannot be considered. *Rayburn v. Central Iowa R. Co.*, 74 Iowa 637; *Iowa Auto. & Sup. Co. v. Manbeck*, 183 Iowa 159; *State v. Mitchell*, 195 Iowa 1073.

The above disposes of the only questions argued requiring particular mention. The judgment of the court below is— *Affirmed*.

PRESTON, C. J., EVANS and DE GRAFF, JJ., concur.