PARMENTER v. ELLIOTT ET AL.

1. **Practice in the Supreme Court:** TIME FOR FILING BILL OF EXCEPTIONS. Where time is allowed beyond the term for settling a bill of exceptions, upon failure to file it within the time designated it will be stricken from the files upon motion.

*Appeal from Linn District Court.*

SATURDAY, DECEMBER 16.

THE plaintiff sues the defendants as guarantors of a promissory note for $500, executed by the Linn County Agricultural Society, payable to Ledyard & Yeomans or bearer.

The answer admits the execution of the note and guaranty, and sets up several matters which, defendants claim, discharge them from their undertaking. There was a jury trial, resulting in a verdict and judgment for plaintiff for $525 and costs. The defendants appeal.

*I. M. Preston & Son,* for appellants.

*James D. Giffen,* for appellee.

DAY, J.—I. The abstract shows that on the 6th day of April, 1876, the motion for a new trial was taken under 1. PRACTICE in advisement by the court to be determined in the supreme court: time vacation, judgment to be entered as of the last for filing bill of exceptions. day of the term, and either party having the right to except and settle bill of exceptions within thirty days from filing judgment. On the 22d day of April, 1876, the court filed his ruling on the motion for new trial. On the

24th day of May the bill of excepitons was allowed by the judge. On this record the appellee moves that the bill of exceptions be stricken from the files because not signed by the judge within the thirty days allowed for settling the same. The motion must be sustained. Where time is given beyond the term for the settling of a bill of exceptions, it must be done within the time specified. *Lynch v. Kennedy*, 42 Iowa, 220.

II. Appellants complain of the giving of several instructions, and the refusing to give others. The bill of exceptions being stricken out we have no evidence in the record, nor any statement of any fact which the evidence tends to prove. The instructions given and those refused become mere abstractions. The abstract submitted furnishes us no means of determining that the court committed any error to the prejudice of the appellants.

AFFIRMED.