## THE HOWE MACHINE CO. v. WOOLLY ET UX.

1. **Practice:** EQUITABLE JURISDICTION: TRIAL BY JURY. The overruling of a motion in an equitable action to divide the issues and try a question of fact to a jury does not constitute error, even though the court erroneously base its action upon a want of authority to grant the motion.

2. **Evidence:** ADMISSIBILITY: PLEADING. Under an allegation that defendant received and acted under written instructions, he could not introduce evidence of conversations with plaintiff's agents with respect to the manner in which he was to perform his duties.

3. **Surety:** DEPARTURE FROM CONTRACT. The fact that an agent, under a contract to sell machines, was paid some of his commissions before they were due, was not such a departure from the contract as would release a surety upon his bond for faithful performance of his obligation under the contract.

*Appeal from Black Hawk District Court.*

WEDNESDAY, APRIL 23.

ON the 30th day of July, 1873, the defendant John N. Woolly entered into a written contract with plaintiff, agreeing as agent to devote his time to the sale of sewing machines for the plaintiff. By said agreement he stipulated—*First,* to devote his entire time to the sale of·said machines; *second,* to follow the consignor's general instructions and special direction in every particular relative to the sale of such machines; *third,* to render a detailed report of sale of each machine, and remit proceeds immediately; *fourth,* to make detailed statement of stock on hand when required; *fifth,* to keep machines unsold in good order, and return them on demand.

At the·same time the said John N. Woolly and his wife, the defendant Eliza Woolly, to secure the performance of said written agreement, executed and delivered to the plaintiff a bond in these words:

"Know all men by these presents, that we, John N. Woolly

and Eliza Woolly, are hereby held and firmly bound to 'The Howe Machine Company' in the sum of two thousand dollars, for which payment, with ten per cent attorney's fees thereon in case of suit on this bond, we bind ourselves," etc.

"Dated July 30, 1873.

"The condition of this obligation is such that if the above bounden John N. Woolly shall fulfill the foregoing agreement, by him executed, without fraud, misrepresentation or delay, and shall pay the said company all moneys, notes, leases and other property coming into his hands, by virtue of said agreement, and all costs, charges and expenses to which said company may be put in consequence of any failure on his part to perform said agreement, then this obligation to be void; otherwise, in force."

At the same time both of the defendants executed and delivered to the plaintiff a mortgage upon certain real estate, as security for the faithful performance of said contract and bond.

This action was commenced for the foreclosure of the mortgage, upon the alleged ground that said John N. Woolly had, in several instances, disregarded his duty as agent of plaintiff, and plaintiff's instructions, in that he sold machines to certain persons and took their notes and turned them over to plaintiff, and represented that the purchasers were solvent, which representations were false, and that said parties were worthless. It is averred "that such sales were contrary to the terms of said contract and bond, and the instructions of plaintiff to said defendant as their agent."

The petition also contains an itemized account of machine goods and merchandise, which it is averred were consigned by plaintiff to defendant J. N. Woolly, and not accounted for. Judgment was demanded for the several amounts claimed, and a decree of foreclosure was prayed.

The answer admits the consignment of the goods and merchandise to defendant John N. Woolly, and denies that he

has refused to account for such articles at the price agreed therefor. The substance of the answer as to the sale of the machines to parties who were worthless is that said Woolly was directed by certain printed instructions of plaintiff to take property statements upon the back of notes received by him, and that by such instructions he was authorized to sell machines to such persons as would make statements showing that they were at the time of sale solvent and responsible. That in all cases the said defendant took such property statements in good faith, believing that the same were true. There was a trial to the court. Judgment was rendered for the plaintiff for three hundred and fifteen dollars, and a decree of foreclosure as prayed. Defendants appeal.

*Boies & Couch*, for appellants.

*George Ordway*, for appellee.

ROTHROCK, J.—I. Counsel for appellants urge that the petition does not state a cause of action against Eliza Woolly so as to justify a foreclosure of the mortgage in question as against her, because the averment that the sales of machines were contrary to the instructions of plaintiff, without a statement of what such instructions were, is wholly nugatory as the basis for the claim made by plaintiff.

In answer to this and other objections which are urged to the petition it is sufficient to say that they are made for the first time in this court. It does not appear that any motion was made for a more specific statement in the court below, and there was no motion in arrest of judgment.

II. The next point made is that no foreclosure of the mortgage should have been decreed against Eliza Woolly for the account for goods and merchandise not accounted for, because no part of this account was secured by the bond and mortgage.

It appears to us that the account is directly within the

terms of the bond, which provide that John N. Woolly "shall pay to said company all moneys, notes, leases, and other property coming into his hands by virtue of said agreement."

III.   At the trial defendants filed a motion to divide the issues, and try the question as to defendants' negligence in

**1. PRACTICE: equitable jurisdiction: trial by jury.**   selling machines to irresponsible parties, to a jury. The motion was overruled upon the ground that the court had no authority to make such order.

It is contended that the court erred in its conclusion as to its want of power in this respect.   In *Sherwood v. Sherwood*, 44 Iowa, 192, which was an action for divorce, it is said : "It being an equitable action a right of trial by jury does not exist, and there was no error in refusing it.   It would have been competent for the court to have had the issue respecting the alleged adultery tried by a jury, in order to advise the conscience of the court, and this in analogy to the English chancery practice.   A refusal to do so, however, constitutes no ground for interfering with the judgment."

So in the case at bar it would have been competent for the court to divide the issues, and try the question as to the defendants' negligence by jury; but neither party had the right to demand it.   The fact that the court believed there was no authority to thus divide and try the issues does not in any manner enlarge or change the rights of the parties.

IV.   There was no motion or order at any time made for a trial of the cause upon written evidence.   It is, therefore, not triable *de novo* in this court.   Code, § 2742.   We have repeatedly held that where the parties have not availed themselves of the provisions of that section there can only be a trial in this court upon errors assigned, as in a law action. *Walker v. Plummer*, 41 Iowa, 697; *Ashcraft v. De Armond*, 44 Iowa, 229 ; *Parmenter v. Elliott*, 45 Iowa, 317; *Richards v. Hintrager*, Id., 253, and other cases.   The effect of the ruling in *Sherwood v. Sherwood, supra*, is that actions for divorce and the foreclosure of mortgages, and other actions of that class, must be tried as other chancery cases.

V. The defendants have assigned errors. John N. Woolly, defendant, was a witness in his own behalf, and was asked

2. EVIDENCE: admissibility: pleading. this question by his counsel: "State whether, at any time during the time you were engaged in this business, you had any conversations or directions from their agents in regard to the manner in which they expected you to do business?"

The plaintiff objected to the question as incompetent. The objection was sustained, and defendants excepted.

The record then proceeds as follows:

"Defendants then offered to show by this witness what plaintiff's agents represented to him as his duty under his contract, and to prove the directions which they gave him in carrying out his contract, and to show that he followed those directions."

Plaintiff objected as incompetent under the pleadings, which objection was sustained. This ruling of the court was correct. It is alleged in the answer that the defendant was furnished by plaintiff with certain printed instructions. It is not averred that these were waived by the conversations or directions of agents of plaintiff. If defendant relied in his answer upon printed instructions, it was not competent for him to prove conversations had with agents, and directions received from them; and besides, if these directions were not verbal they would no doubt have been offered in evidence, that the court might determine their competency.

VI. A question is made as to the sufficiency of the evidence to sustain the judgment. In our opinion the court was fully justified in the finding made. There is much in the evidence tending to show that John N. Woolly sold the machines in question to persons who were notoriously irresponsible, and that he made up property statements which he had reason to know were not correct.

Lastly, it is objected that the evidence shows that plaintiff

allowed John N. Woolly his commissions for the sale of machines before they were due by the terms of the contract and agency, and that this was such a departure from the contract as would discharge Eliza Woolly as surety on the bond. The bond secures the performance of the contract of agency. The contract provides that Woolly will, in all respects, faithfully and truly perform his duties as agent. He incurred liability by reason of unfaithful acts as agent of plaintiff, and for which both defendants are liable upon the bond.

3. SURETY: departure from contract.

AFFIRMED.