STATE OF IOWA v. HOLTON, GRAY & CO., Appellants.

**Constitutional law:** PROPERTY RIGHTS: DUE PROCESS: POLICE POWER. 1 The statutes prohibiting the manufacture and sale of flaxseed or linseed oil unless it answers the purity test recognized by the government, and that such oil shall be sold only under its true name, are not in violation of the federal constitution guaranteeing property rights to citizens in every state, or of the state constitution providing that no person shall be deprived of his property without due process of law; but the same are within a proper exercise of the police power of the state.

**Same:** EXERCISE OF POLICE POWER. The state may exercise its police 2 powers to protect its citizens against fraud when its frequency or the difficulty in detecting or preventing the same is so great that no other means will prove effective.

*Appeal from Page District Court.*—HON. O. D. WHEELER, Judge.

FRIDAY, JULY 8, 1910.

DEFENDANTS were convicted of selling misbranded and adulterated linseed oil and appeal.—*Affirmed.*

*Hugh A. Myers* and *Parslow & Peters,* for appellants.

*H. W. Byers,* Attorney General, and *Charles W. Lyon,* Assistant Attorney General, for the State.

SHERWIN, J.—The defendants were convicted under sections 2510e and 2510f of the Code Supplement 1907, which sections provide as follows:

No person, firm or corporation shall manufacture for sale or expose for sale or sell within this state any flax-seed or linseed oil, unless the same answers a chemical test for purity recognized in the United States Pharmacopœia or any flaxseed or linseed oil as 'boiled linseed oil' unless the same shall have been put in its manufacture to a temperature of 225 degrees Fahrenheit.

No person, firm or corporation shall expose for sale or sell any flaxseed or linseed oil, unless it is exposed for sale or sold under its true name, and each tank car, tank, barrel, keg or vessel containing such oil has distinctly and durably marked thereon the true name of such oil in ordinary bold faced capital letters not less than five lines pica in size, the words pure linseed oil—raw, pure linseed oil—boiled, as the case may be, and the name and address of the manufacturer thereof.

The appellants contend that the enactment is prohibitive and not a regulation, and that it is in conflict with the fourteenth amendment of the Constitution of the

1. CONSTITU-
TIONAL LAW:
property
rights: due
process: po-
lice power.

United States and with section 9 of the Constitution of Iowa. The fourteenth amendment guarantees to every citizen property rights in every state; and section 9 of the Constitution of the state provides that no person shall be

deprived of life, liberty, or property without due process of law.

The question is whether the enactment in question is within the proper police power of the state. If it is, the law is constitutional. If it is not within proper police power, it can not be sustained.

The evident purpose of the statute is to prevent fraud and deception, and it does not in our judgment prohibit the sale of linseed oil that is adulterated, or any compound that contains such oil, where the product is not sold as pure linseed oil.

That the police power of the state may properly be used for the purpose of protecting its citizens against frauds, when the frequency of fraud or the difficulty in detecting it or in preventing it is so great that no other means will prove effective, is well settled.

Laws providing for the prevention and detection of frauds are generally held to be free from constitutional objection. *State v. Packing Co.,* 124 Iowa, 323; *People v. Wagner,* 86 Mich. 594 (49 N. W. 609,

2. SAME: exercise of police power. 13 L. R. A. 286, 24 Am. St. Rep. 141); Tiedemans Limitations of Police Power, 207; *American Linseed Oil Co. v. Wheaton* (S. D.) 125 N. W. 127; *State v. Williams,* 93 Minn. 155 (100 N. W. 641); *Steiner v. Ray,* 84 Ala. 93 (4 South. 172, 5 Am. St. Rep. 332); *Powell v. Penn,* 127 U. S. 678 (8 Sup. Ct. 992, 32 L. Ed. 253). Many other cases sustaining the rule might be cited, but we are of the opinion that a proper construction of the statute in question brings the case within the rule announced in *State v. Packing Co., supra.*

The judgment of the district court is therefore *affirmed.*