**BAKER et al. v. DALY et al.**

(District Court, D. Oregon. November 22, 1926.)

**1. Constitutional law ⚖═287—Licenses ⚖═7 (1)—Oregon Cosmetic Therapy Law, as applied to persons expert only in hair waving, held unconstitutional, as violative of due process clause (Oregon Cosmetic Therapy Law; Const. U. S. Amend. 14).**

Oregon Cosmetic Therapy Law (Laws 1925, p. 99), defining cosmetic therapy as including massage, removing superfluous hairs, manicuring, arranging, dressing, curling, etc., the hair of any female, and prohibiting persons from following any one of such occupations without being qualified in all, as applied to persons expert only in waving the hair of females and earning their living thereby, *held* violative of due process clause (Const. U. S. Amend. 14).

**2. Constitutional law ⚖═275(1)—Protection of "due process clause" extends to right to exercise one's faculties in all lawful ways, and to earn livelihood by any lawful calling (Const. Amend. 14).**

"Due process clause" of Const. Amend. 14, guarantees, not only freedom from physical restraint, but the right to exercise all one's

15 F.(2d)—56

faculties and to be free to use them in lawful ways, and to earn a livelihood by any lawful calling.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series. Due Process of Law.]

**3. Constitutional law ⚖═88—Right to earn livelihood by any lawful calling is subject to police power of states (Const. Amend. 14).**

Right to earn livelihood by any lawful calling, protected by due process clause of Const. Amend. 14, is subject to police power of the states.

**4. Constitutional law ⚖═88—State's exercise of police power in regulating lawful means of livelihood must be necessary, and not unduly oppressive to individuals.**

To justify exercise of police power of state in regulation of lawful calling, public interest must require such interposition, and the means adopted must be reasonably necessary, and not unduly oppressive to individuals.

In Equity. Suit for injunction by Marion Baker and another against E. Lucile Daly and others. On motion to dismiss petition. Motion overruled, and injunction granted.

Frederick M. De Neffe, of Portland, Or., for plaintiffs.

Samuel H. Pierce, Deputy Dist. Atty., of Portland, Or., and J. B. Hosford, Asst. Atty. Gen., for State of Oregon.

E. M. Morton, of Portland, Or., amicus curiæ.

Before RUDKIN, Circuit Judge, and BEAN and KERRIGAN, District Judges.

BEAN, District Judge. [1] This is a suit to enjoin the officers of the state from enforcing against the plaintiffs an act of the Oregon Legislature known as the Cosmetic Therapy Law (Laws 1925, c. 75), which makes it a crime for any person to practice the profession of cosmetic therapy, as therein defined, without first having obtained a certificate of registration from the state board of examiners.

Cosmetic therapy is declared by the act to be "the application of the hands or of mechanical or electrical apparatus, with or without cosmetic preparations, tonics, lotions, creams or clays, to massage, cleanse, stimulate, manipulate, exercise or otherwise improve or beautify the scalp, face, neck, shoulders, arms or upper part of the body, removing superfluous hair, manicuring the nails of any person, male or female, and to arrange, dress, curl, wave, cleanse, cut, singe, bleach, color or similarly treat the hair of any female."

The plaintiffs are expert in waving the hair of females and earn their living thereby.

They are not proficient in any of the other kinds of work named in the act, and are not able to qualify therein, nor do they desire or intend to do any such work. They contend that as to them the law is arbitrary, unreasonable, oppressive, and deprives them of the protection afforded by the Fourteenth Amendment to the Constitution of the United States, which declares that no state shall deprive any person of life, liberty, or property without due process of law.

[2-4] This constitutional provision has been declared by the Supreme Court to mean, "not only the right of the citizen to be free from mere physical restraint of his person, as by incarceration, but the term is deemed to embrace the right of the citizen to be free in the enjoyment of all his faculties; to be free to use them in all lawful ways; to live and work where he will; to earn his livelihood by any lawful calling; to pursue any livelihood or avocation." Allgeyer v. Louisiana, 165 U. S. 578, 17 S. Ct. 427, 41 L. Ed. 832; Meyer v. Nebraska, 262 U. S. 390, 43 S. Ct. 625, 67 L. Ed. 1042, 29 A. L. R. 1446. The right thus granted is, of course, subject to the police power of the state to enact laws essential to the public safety, health, or morals; but, to justify a state in exercising such authority, it must appear that the interest of the public requires such interposition, and that the means are reasonably necessary for the accomplishment of the purpose and not unduly oppressive to individuals. "The Legislature may not, under the guise of protecting the public interest, arbitrarily interfere with private business, or impose undue and unnecessary restrictions upon lawful occupations." Lawton v. Steele, 152 U. S. 133, 14 S. Ct. 499, 38 L. Ed. 385.

In our opinion the legislation in question violates that rule. It arbitrarily groups together different and unrelated callings or professions, and forbids citizens from following one of them without qualifying, under the enactment, in all the others. It includes in the definition of cosmetic therapy (1) massage; (2) removing superfluous hairs; (3) manicuring; and (4) arranging, dressing, curling, etc., the hair of any female— and provides that no person shall follow any one of these occupations without being qualified in all the others. Thus one may be an expert in one of the callings specified, and prohibited and forbidden from following it and earning his living thereby, unless, in the judgment of the board of examiners, he is qualified to practice all the others. This, in our opinion, is an arbitrary and unreasonable exercise of legislative authority, and deprives the plaintiffs of the right, guaranteed them by the Constitution, to work and earn their living by a lawful occupation.

It follows, therefore, that the motion to dismiss should be overruled, and injunction issued.