JACK LANSKY, MAX MILLER, VINCENT ALOE, alias JIMMY CARSALE, CLAUDE LITTERAL, Petitioners, v. STATE, *ex rel.* GEORGE COUPER GIBBS, as Attorney General; Phil O'Connell as State Attorney, and Louis Maire as Assistant State Attorney, Fifteenth Judicial Circuit, Respondents.

199 So. 46
Division A
Opinion Filed December 13, 1940

302

*John D. Kennedy,* for Petitioners;

*George Couper Gibbs,* Attorney General, *Lawrence A. Truett,* Assistant Attorney General, *Phil O'Connell,* State Attorney, *Louis F. Maire,* Assistant State Attorney, for Respondents.

THOMAS, J.—The petitioners for writ of certiorari to review a temporary injunctive order rendered by the chancellor having given it as their view that the only question involved is the excessive broadness of the order, we will confine our opinion to that sole proposition.

A construction of Sections 5029 and 7832 of the Compiled General Laws of 1927 is necessary to the determination of the controversy. The latter provides briefly that when any nuisance defined in the former is maintained or

exists, the State Attorney may bring a suit in equity to enjoin the nuisance and the person conducting the same and the owner or agent of the building or ground upon which it exists. The former, or so much of it as is pertinent to this litigation, provides that "whoever shall . . . maintain . . . any . . . place which tends to annoy the community . . . or become manifestly injurious to the morals . . . of the people as described in Section 7817 . . . or any . . . place . . . where games of chance are engaged in in violation of law . . . shall be deemed guilty of a nuisance, and the . . . place . . . and the furniture . . . are also declared a nuisance, and all such . . . places, shall be abated and enjoined as provided in Article XIX, Chapter 10, Title 3, Second Division of these Compiled General Laws (Section 5029)."

In the beginning it seems appropriate to state that the validity of the statute is not assailed, having been held harmonious with the Constitution, and that it has been settled by this Court in the decision passing upon its constitutionality that the remedy it provides to suppress by injunction places where gambling is conducted may not be extended to prevent illegal acts. The rule is that equity will not enjoin criminal violations because there is ample authority in the criminal courts to punish evil-doers (Pompano Horse Club, Inc., *et al.*, v. State *ex rel*. Bryan, 93 Fla. 415, 111 So. 801).

The bill of complaint filed by the attorney general and the State Attorney described a rather elaborate establishment maintained by the defendants, known as "The Farm." It was conducted in a large building equipped with gambling apparatuses used for wagers and bets on such games as roulette, craps and *chemin de fer*. The building on the property described in the bill of complaint was of sizeable proportions, containing a bar and a gambling room large enough to accommodate one thousand persons. It was charged that the gambling house had been maintained for a

considerable period of time and had become so widely known
as to be a public scandal. The clientele was extensive for,
according to the bill, on one day it numbered seven hundred
persons and 235 automobiles were parked near the building.
It was further averred that "The Farm" was similar in char-
acter to one called "The Plantation," the operation of which
had theretofore been enjoined by the court, and that the
same persons were interested in both institutions. Upon
this complaint the chancellor decreed that the defendants
therein, petitioners here, be restrained from conducting,
maintaining or operating on certain premises particularly
described "or elsewhere in Broward County," any game of
chance or enterprise in violation of law, from maintaining
on or near the property any devices adaptable to unlawful
gambling, and from permitting the land or any part of it
to be used for such purposes.

We see no objection to the order, if the words which we
have quoted are deleted, but the reader can easily perceive
that if they remain, a construction could be given the entire
writ which would extend it considerably beyond the author-
ity granted in the law for the abatement of nuisances. For
illustration, if the injunction is not so revised, it may be
construed as restraining the individuals named in it from
permitting any game of chance or other unlawful business
anywhere in the county regardless of their characteristics as
a nuisance and might logically be construed as affecting the
personal conduct of the defendants. So, if they maintained
a single game of chance anywhere in the county, they would
be subject to a charge of contempt for violation of the order
because of personal conduct although, as we have stated
before, transgression of the criminal law might not be en-
joined against the person. Thus, a sole misdeed would be
as much a violation of the injunctive order as the operation
of the elaborate establishment detailed in the bill of com-

plaint. If given this interpretation, it would be possible for them to be punished in a summary proceeding without the benefit of a trial on information or indictment before a jury. Obviously the order to enjoin the maintenance of the place described in the bill of complaint was justified, but we cannot say that this justification should be extended to include personal misbehavior on the part of the operators of the gaming place. As has been apparent, no effort was made in the order to enjoin places of similar character.

With the words "or elsewhere in Broward County" eliminated, it would be clear from the order that the defendants were restrained from conducting on the property described any gambling game and from maintaining on those premises, or near them, equipment adapted to such unlawful activities.

We believe that the order is so drafted that it is susceptible of the construction of which the petitioners complain, namely, that under it the court could proceed against the individuals regardless of the intent of the Act to provide for relief in equity against places which become nuisances because of their use for illegal purposes such as gambling.

It is, therefore, our conclusion that the writ of certiorari issue with the directions to the chancellor to strike from the order that part of it reading: "or elsewhere in Broward County, Florida."

BUFORD and ADAMS, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.