STATE OF IOWA, Appellant, v. HENRY OTTERHOLT, Appellee.

No. 46508.

SEPTEMBER 19, 1944.

John M. Rankin, Attorney General, Robert L. Larson, Assistant Attorney General, and Margaret Karr, Acting County Attorney, for appellant.

F. J. Lund, of Webster City, Connolly, O'Malley & McNutt, of Des Moines, and Otto Bassard, of La Crosse, Wisconsin, for appellee.

HALE, J.—Petition in this case was filed February 8, 1943, under the provisions of section 2497, chapter 115, Code of Iowa, 1939. The petition alleges that defendant is a duly licensed and practicing chiropractor residing in Hamilton County, Iowa, and maintaining his practice in Webster City, certificate having been issued to him on July 1, 1933, and that defendant is guilty of willful and repeated violations of section 2439, Code of Iowa, 1939, relating to the practice of chiropractic and other professions. Such violations are set out in the petition and, briefly, consist of not confining his practice to chiropractic, in treating his patients with electric and other machines, which is not the proper practice of chiropractic but is the practice of medicine and surgery, for which he has no license; fraud and misrepresentation as to skill and ability, in using a machine termed a "Pathoclast," of no therapeutic value, and falsely representing its therapeutic value, and that he will so continue in the future; all of which would endanger the public health and constitutes grounds for the revocation of his license to practice. The petition asks for hearing and revocation of defendant's license.

Defendant filed a motion to strike and dismiss and for more specific statement. There are various grounds given in the motion to strike, including lack of authority for the commencement of the action, no basis upon which a decision of the court could be predicated, denial of equal protection of the law, violation of defendant's constitutional rights without due process, denial of equal rights, equal protection of law and of property, lack of competent allegation of fraud and misrepresentation, that chapter 115 of the 1939 Code, upon which the action is based,

is unconstitutional and violates sections 1, 6, and 9, of Article I of the Constitution of the State of Iowa and section 1 of the Fourteenth Amendment to the Constitution of the United States, and that the delegation of power and authority of the public health department, as provided in section 2497 of the 1939 Code, is an unauthorized delegation of authority. The motion to dismiss sets up as grounds the reasons enumerated in the motion to strike, and further that there is no showing in plaintiff's petition that any right of the State or of the citizens thereof has been violated or any damage or injury suffered. Then, by amendment to the motion to strike and motion to dismiss, defendant alleges the title to the legislative act contains more than one subject and violates Article III of the Constitution of Iowa, and particularly section 29 thereof, that chapters 115 and 116 of the 1939 Code of Iowa are in violation of sections 1, 6, 7, and 9, of the Bill of Rights under the Constitution of the State of Iowa, and denies the right of free speech under section 7, Article I of the Constitution of Iowa. In a second amendment to the motion to dis-. miss, filed August 30, 1943, defendant states that his license to practice chiropractic expired on July 1, 1943, and has never been renewed, and plaintiff's cause of action being begun for the cancellation of said certificate there, is nothing left upon which the same can operate, and the question of cancellation of such certificate is at this time but a moot question.

The parties hereto, on the 31st day of August 1943, entered into the following stipulation:

"For the purpose of fully submitting the motion to strike and dismiss, or for more specific statement, as amended, it is stipulated between the parties hereto that the license of the defendant authorizing him to practice chiropractic within the State of Iowa, which license is referred to in Paragraph Three of Plaintiff's Petition, has not been renewed, and that no renewal certificate of said license has been issued said defendant since June 30, 1943."

There was hearing before the court on the motions and on September 21, 1943, the court made the following order:

"Motion to dismiss is sustained on ground that cause of action has ceased to exist. Plaintiff given an exception."

From this order the plaintiff appeals to this court.

I. Appellee had the right to practice his profession by virtue of the license granted him by the State, acting under its police power. Such practice involves the health and safety of the citizens of the State and the practice under such license is subject to all reasonable conditions and regulations. Among such conditions is the requirement of annual renewal. This right to regulate and its constitutionality have been many times sustained by the courts generally and by this court, and it is unnecessary to do more than refer to some of the cases in which the questions referred to in appellee's motion have been reviewed. See Baker v. Daly, D. C., Or., 15 F. 2d 881; McNaughton v. Johnson, 242 U. S. 344, 37 S. Ct. 178, 61 L. Ed. 352, Ann. Cas. 1917B, 801; Craven v. Bierring, 222 Iowa 613, 269 N. W. 801, and authorities cited; State v. Schlenker, 112 Iowa 642, 84 N. W. 698, 51 L. R. A. 347, 84 Am. St. Rep. 360, and cases cited; Martin v. Blattner, 68 Iowa 286, 25 N. W. 131, 27 N. W. 244; Fevold v. Board of Supervisors, 202 Iowa 1019, 210 N. W. 139; Barbier v. Connolly, 113 U. S. 27, 5 S. Ct. 357, 28 L. Ed. 923; State v. Strayer, 230 Iowa 1027, 299 N. W. 912. Appellant also cites State v. Adkins, 145 Iowa 671, 124 N. W. 627; State v. Fray, 214 Iowa 53, 241 N. W. 663, 81 A. L. R. 286; State v. Howard, 214 Iowa 60, 241 N. W. 682; State v. Kendig, 133 Iowa 164, 110 N. W. 463; State v. Wilhite, 132 Iowa 226, 109 N. W. 730, 11 Ann. Cas. 180. These are only a few of the Iowa cases which, among others, support appellant's contention. A clear exposition of the police power of the State is given in the case of City of Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 1103, 184 N. W. 823, 826, 188 N. W. 921, 23 A. L. R. 1322, which does not undertake a comprehensive definition of the police power of the State and asserts that it is not possible nor desirable that it should be accomplished, but states, under the changing conditions attendant upon the growth and density of population:

"* * * the demand becomes greater upon that reserve element of sovereignty which we call the police power, for such reasonable supervision and regulation as the state may impose, to insure observance by the individual citizen of the duty to use his property and exercise his rights and privileges with due

regard to the *personal and property rights and privileges of others."* (Italics ours.) Citing cases. See, also, page 1104 of that opinion, 193 Iowa, page 827 of 184 N. W., 23 A. L. R. 1322.

The State, therefore, may constitutionally, and does, regulate the practice of medicine and chiropractic. State v. Edmunds, 127 Iowa 333, 101 N. W. 431; McNaughton v. Johnson, supra; Craven v. Bierring, supra, 222 Iowa 613, 618, 269 N. W. 801. See, also, State v. United States Express Co., 164 Iowa 112, 145 N. W. 451; State v. Holton, Gray & Co., 148 Iowa 724, 126 N. W. 1125; State v. Hutchinson Ice Cream Co., 168 Iowa 1, 147 N. W. 195, L. R. A. 1917B, 198, affirmed 242 U. S. 153, 37 S. Ct. 28, 61 L. Ed. 217, Ann. Cas. 1917B, 643; McGuire v. Chicago, B. & Q. R. Co., 131 Iowa 340, 108 N. W. 902, 33 L. R. A., N. S., 706, affirmed 219 U. S. 549, 31 S. Ct. 259, 55 L. Ed. 328, all cited by appellant.

█ Nor is there any violation of section 29, Article III, of the Constitution of Iowa, relative to embracing more than one subject in the title of the legislative act. We have many times passed upon this question. Among our more recent cases, see State v. Cowen, 231 Iowa 1117, 3 N. W. 2d 176, and cases cited therein; and Burlington & Summit Apts. v. Manolato, 233 Iowa 15, 7 N. W. 2d 26, 144 A. L. R. 251.

We refer to these constitutional questions since they are argued by appellant, although not argued in this court by appellee, who asserts that the question is not presented here.

█ II. Through the license to practice granted appellee by the State, subject to the regulations referred to above, appellee is the possessor of a valuable privilege. State v. Edmunds, supra. This is a privilege or right, "which cannot be denied or abridged in any manner except after due notice and a fair and impartial hearing before an unbiased tribunal." Gilchrist v. Bierring, 234 Iowa 899, 912, 915, 14 N. W. 2d 724, 732. That case further holds that, "The state cannot, by issuing only annual licenses, ingeniously thwart these precious rights." Quoting Craven v. Bierring, supra, the opinion also states, "once an annual license is issued to a dentist, 'Unless he has violated some of the provisions of the statute applicable to his profession, he is entitled to a renewal of his license as a matter of right * * *.' "

. Our above holding in the Gilchrist case bears upon the issues in the present case which the court in its ruling indicated were decisive. The motion to dismiss was sustained upon the ground that the cause of action had ceased to exist. With this we do not agree. There is a marked difference between a license to practice a profession and a mere renewal of that license. This is expressed in the Gilchrist case:

"This is because a dentist, doctor, lawyer, or the member of any other profession, does not devote the years of study and preparation necessary to qualify as a practitioner merely that he may be accorded the right to practice for one year. When he qualifies for the practice, he does so for life. That right cannot be taken from him except by due process of law."

The certificate entitling appellee to practice is a finding by the duly constituted authority that he has the necessary character and qualifications to practice his profession. The mere failure to renew annually does not lessen the value of that license, except for the lapsed period before the renewal. Appellee is still the owner of the license and may be reinstated and continue the practice of his profession without examination, subject, as always, to the supervisory power under which he previously exercised it. such right to practice being evidenced by its renewal. Section 2448, Code of 1939. All benefits of his license did not expire on July 1, 1943. Section 2447, Code of 1939. His rights under the original license are of value. To deprive him absolutely and finally of the right ever to practice is much more serious than a mere suspension of that right, either voluntary or compulsory. Contrary to the procedure in renewal, in which one who is not an offender against the rules regulating the practice is entitled to a renewal as a matter of right, one who has had his license revoked must commence anew by making an original application for a license. Hanson v. State Board Medical Examiners, 220 Iowa 357, 260 N. W. 68; Craven v. Bierring, supra.

We do not consider the question involved moot, merely because the appellee is not at present making full use of his license to practice.

"It may be noted that the question whether a provision in a decree confers a particular right upon a party is not rendered moot on appeal merely because such party testified at the trial that he did not expect to exercise such right." 3 Am. Jur. 365, 366, section 824.

See, also, State v. Fray, supra, and cases cited. To hold otherwise places in the hands of the accused practitioner himself the power to escape the penalty provided by law for a violation of the rules governing the conduct of his profession, no matter how gross his misconduct may have been. The cause of action has not ceased to exist so long as there remain rights undetermined and all matters involved in the action have not been adjudicated. We are satisfied that the cause of action has not ceased to exist.

III. The only reason for its ruling which the court made on appellee's motion to dismiss is set out in the order of September 21, 1943:

"Motion to dismiss is sustained on ground that cause of action has ceased to exist. Plaintiff given an exception."

There were several grounds in the motions, one of which was a denial of constitutionality. As stated, appellant in its argument devotes considerable time to the constitutional questions. Appellee, however, urges that there is only one question presented on this appeal—that the action is moot—and does not argue the constitutional grounds of his motions. The only question which appellee states is presented by the appeal is whether the cause of action had ceased to exist by the fact that appellee's license had expired in accordance with law. With this statement we do not agree.

The stipulation entered into by the parties was, "For the purpose of fully submitting the motion to strike and dismiss, or for more specific statement, as amended," etc. Although appellee limits his argument to the question of a moot issue, we take it that under such stipulation all questions involved in the motions were intended to be considered. There is no other practicable course. To pass upon one ground of a motion only and remand for further action on such motion by the district court, thus disposing of a preliminary motion piecemeal, would mean

no end to litigation and the trial of a case on its merits would be interminably delayed.

The new Rules of Civil Procedure, under which these matters were presented, were designed to prevent such delay. Rule 118 provides:

"A motion, or other matter involving separate grounds or parts, shall be disposed of by separate rulings on each and not sustained generally."

This Rule changed our former practice under which the sustaining generally of a motion to dismiss was sufficient. Since under Rule 117(c), requiring ruling within thirty days unless extension of time is made for reasons stated of record, we conclude that the court did its duty and passed upon the only questions presented or argued before it; and not being argued here, we treat such other questions as waived or abandoned. We may say, however, though not required under our Rules so to do, that we have examined all the motions and considered the various grounds thereof and we hold that they should be overruled.

An affirmance of the ruling of the trial court would be a final disposition of the case. But since we hold otherwise, the cause must return to the district court for trial on its merits. The motions filed in the cause are overruled; the ruling of the trial court is reversed, and the cause remanded for trial.—Reversed and remanded.

All JUSTICES concur.