**WILLIAM ESTEP v. THE STATE OF FLORIDA,** on the relation of Forsyth Caro, as County Solicitor of Escambia County, Florida.

23 So. (2nd) 482                                         June Term, 1945
October 5, 1945                                          Special Division A

*Vincent C. Giblin,* for appellant.
*Forsyth Caro,* for appellee.

ADAMS, J.:

Honorable Forsyth Caro, as County Solicitor of Escambia County, filed a bill in equity to enjoin William Estep from the practice of medicine, alleging that if Estep had a license to practice medicine in Florida it was void having been surrepti-

tiously procured and further that Estep was unqualified in that he was unlearned and unskilled in medicine wherefore his continuance in the practice of medicine constituted a public nuisance.

A motion to dismiss was overruled and an answer was filed. Plaintiff propounded interrogatories to Estep which were objected to and the chancellor overruled the objections and required answer to be made to them. Estep failed to answer the interrogatories within the time fixed by the court and on motion of plaintiff the chancellor ruled Estep in contempt, ordered an attachment for him and struck his answer. On the following day, or soon thereafter, Estep tendered his answer to the interrogatories and orally moved to have his answer re-filed. The chancellor considered evidence and based thereon denied the oral motion. Final decree was entered enjoining Estep from the practice of medicine in Florida.

From the latter decree he appeals. Three questions appear necessary for us to consider. 1. Is it a public nuisance per se to practice medicine without being sufficiently skilled and authorized by law to engage in the practice? 2. Was the order, which struck the answer of defendant, entered arbitrarily? 3. Was the decree, enjoining the defendant throughout the state, too broad?

On September 25, 1944, we denied certiorari under Rule 34 of this court when appellant petitioned us to quash the order which overruled the motion to dismiss the bill. The effect of our action in denying certiorari was to approve the order of the lower court there in question. We might now, for that reason, dismiss further consideration of the first question except at that time we did not write an opinion on the question. It is our usual practice not to write an opinion when we deny certiorari under Rule 34 unless it appears necessary to settle the law of the case or when it appears necessary as a guide to the court and litigants in the further progress of the cause.

Without any exception the authorities generally hold that the practice of medicine by one without a license and also without learning and skill in treating the sick is a nuisance per se. State v. Howard, 214 Iowa 60, 241 N. W. 682; same

case 216 Iowa 545, 245 N.W. 871; State ex rel. v. Compere, 44 N.M. 414, 103 P. (2nd) 273; 39 Am. Jur. page 265, Sec. 100.

We now pass to the question of whether the order striking the answer was arbitrary. On November 28, 1944, we denied certiorari under Rule 34 wherein appellant sought to have this order quashed. The motion made to set aside the order striking the answer was an oral motion not specifying any grounds, neither was it supported by a meritorious defense. The chancellor took evidence and reaffirmed his order striking the answer. In this we find no abuse of discretion.

The last contention is that the injunction is too broad in that it exceeds the area of Escambia County, Florida. Appellant relies on Lansky, et al., v. State ex rel., 145 Fla. 301, 199 So. 46. The cited case deals with a game of chance. Obviously this case is different. The State of Florida has prosecuted this case as a protective measure for not only the people of Escambia County but for the benefit of the entire state.

Finding no error the decree is affirmed.

TERRELL, BUFORD and THOMAS, JJ., concur.